THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, *v.*
ROMAN WEISSINGER, Defendant-Appellee.

Second District    No. 79-704

Opinion filed November 26, 1980.

J. Michael Fitzsimmons, State's Attorney, of Wheaton (Edmund P. Bart and Robert L. Thompson, Assistant State's Attorneys, of counsel), for the People.

A. J. Marco, of Marco & Mannina, of Downers Grove, for appellee.

Mr. PRESIDING JUSTICE SEIDENFELD delivered the opinion of the court:

The State has appealed from a pretrial order which suppressed the analysis of blood taken from defendant without his consent following an accident which led to an indictment charging him with reckless homicide.

While a question had been raised whether the trial court suppressed the evidence on statutory or constitutional grounds, the distinction does not affect appealability pursuant to the recent Illinois Supreme Court case of *People v. Young* (1980), 82 Ill. 2d 234.

The blood sample was taken on the initiative of a doctor at the hospital to which defendant was taken after the accident. There is no proof that the test was taken at the direction of police authorities, but it is conceded that defendant did not give his consent.

■■ Since there was no proof of improper State action, the taking of the sample did not violate any of defendant's constitutional rights. *Schmerber v. California* (1966), 384 U.S. 757, 771, 16 L. Ed. 2d 908, 920, 86 S. Ct. 1826, 1836. See also *People v. Todd* (1975), 59 Ill. 2d 534, 544-45.

██ However, an issue remains as to the application of section 11—501(c)3 of the Illinois Vehicle Code which, as relevant, states:

> "(c) Upon the trial of any action or proceeding arising out of the acts alleged to have been committed by any person while driving or in actual physical control of a vehicle while under the influence of intoxicating liquor, evidence of the amount of alcohol in the person's blood at the time of the act alleged as shown by a chemical analysis of his breath, blood, urine, saliva or other bodily substance is admissible, * * *
>
> * * *
>
> 3. * * * Evidence based upon a chemical analysis of blood, urine, breath or other bodily substance shall not be admitted unless such substance was procured and such analysis made with the consent of the person as provided by this Chapter, whose bodily substance was so analyzed." (Ill. Rev. Stat. 1977, ch. 95½, par. 11—501(c)3.)

The quoted language is part of a comprehensive section which establishes the crime of driving under the influence, makes the results of blood tests admissible, spells out the presumptions and procedures applicable to the results of tests for alcohol content, establishes procedures in the event a person is unconscious and then gives the defendant certain rights which apply after he has submitted to a blood test. Reference to actions by law enforcement officers is found only in subsection (e), which gives such officers the right to take blood from an unconscious person.

In reviewing the legislative history of the act including its amendment in 1967 following the decision in *Schmerber*, the Illinois Supreme Court concluded "[i]n the face of this history, it would do violence to the legislative intent to read out of the statutes in question the consent requirement * * *" and further, "[o]ur analysis of the statutes leads us to the inevitable conclusion that consent must be obtained if evidence based on a blood or similar test is to be used in any trial arising out of acts supposedly committed by a person driving a vehicle while intoxicated." (*People v. Todd* (1975), 59 Ill. 2d 534, 543-44.) In subsequent cases it has been held that the statute applies in the trial of any action and is not limited to the charge of driving while intoxicated (*People v. Leffew* (1975), 33 Ill. App. 3d 700, 703); and that the statutory requirement of consent applies even though the driver has been killed in the accident. *Smock v. Highway Commissioner* (1978), 60 Ill. App. 3d 201, 203.

The State argues that the statute was intended to apply only in the arrest and search situation of *Schmerber*; however, nothing in the language or legislative history of the act, nor in the various interpretations in the reported cases, so limits the statute. At no point in this statute is

there any mention of "arrest." Nor is the State helped by the argument that because there was no police action in this case, the State did nothing to violate defendant's rights. Under *Schmerber*, had the police themselves ordered the blood test, such State action would have violated none of the defendant's constitutional rights. But statutory intendment is to safeguard the rights of the defendant to preserve his bodily integrity and to be free of the need to give evidence against himself, to an extent greater than those rights are protected by the constitution. Such a protective statute should be read expansively to insure that the rights of the defendant are in fact protected.

Nor may the State rely on the implied consent provisions of section 11—501.1 of the Illinois Vehicle Code. (Ill. Rev. Stat. 1977, ch. 95½, par. 11—501.1.) This section permits a refusal to submit to a chemical analysis for intoxication and provides sanctions for such a refusal only in a proceeding to suspend driving privileges. This provision clearly was not intended to obviate the need for actual consent before evidence of a blood test can be used in a prosecution against a driver for acts allegedly committed while driving when intoxicated.

The statute prescribes that evidence of such a test "shall not be admitted" without consent. This protection for the defendant is absolute; it is not in any way conditioned upon participation by the State in the test procedures. Further, if we were to draw the distinction argued by the State there could be no assurance that the actions of medical personnel would be free of motivation to aid in law enforcement, which would result in the legislative requirement of consent becoming virtually meaningless. See *Murray v. United States* (D.C. App. 1976), 358 A.2d 314.

We therefore affirm the judgment suppressing the result of the blood test.

Affirmed.

WOODWARD and LINDBERG, JJ., concur.