THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
THOMAS WILLIAMS, Defendant-Appellant.

First District (5th Division)     No. 80-3001

Opinion filed December 31, 1981.

Jack P. Rimland, of Chicago, for appellant.

Richard M. Daley, State's Attorney, of Chicago (Michael E. Shabat, Kevin
Sweeney, and Richard J. Cosentino, Assistant State's Attorneys, of counsel), for
the People.

PRESIDING JUSTICE SULLIVAN delivered the opinion of the
court:

In this appeal from a conviction and sentence for reckless homicide,
the sole question raised is whether the trial court erred in refusing to
suppress evidence of blood alcohol content from tests performed without
defendant's consent.

The record discloses that in September 1978, defendant was involved
in an automobile accident in which there was a fatality. He was taken to a
hospital, where the tests in question were performed. At the hearing on
the motion to suppress any evidence concerning those tests, Dr. Leighn-
inger, director of the hospital's emergency room service, testified that he
was informed by the doctor on duty in the emergency room that
defendant had been in an automobile accident in which he had been
knocked out; that he had abrasions over his forehead and a large knee
laceration; and that he was wild, uncooperative, and semiconscious with
the smell of alcohol on his breath. Dr. Leighninger directed the doctor on
duty to take a number of X rays and to make a variety of laboratory

examinations—including the blood alcohol content test. He testified that such test was required because with a severe head injury there is a possibility of blood trauma to the heart or internal abdominal injury, and that the tests were necessary to interpret the physical evidence and the patient's behavior in relation to such injuries. Dr. Leighninger gave his opinion that when the blood was extracted, defendant was conscious but not alert or cooperative and was probably incapable of giving consent to the test. The motion to suppress was denied, and thereafter defendant was found guilty.

OPINION

Section 11—501(c)(3) of the Illinois Vehicle Code (Ill. Rev. Stat. 1977, ch. 95½, par. 11—501(c)(3)), in effect at the time of the accident, provided in pertinent part that evidence based upon a chemical analysis of blood shall not be admitted unless the blood was taken and the analysis made with the consent of the person involved. It is the position of defendant that he did not consent to the taking of blood for the alcohol content test in question and, thus, that the evidence concerning it should not have been admitted. He cites four cases in support of his position, of which three were decided by the supreme court in the consolidated opinion of *People v. Todd* (1975), 59 Ill. 2d 534, 322 N.E.2d 447. In each of those cases, it was held that evidence of blood alcohol content from an analysis of blood taken at the request of the police without the consent of the defendant was inadmissible. In the fourth case, *People v. Weissinger* (1980), 90 Ill. App. 3d 700, 413 N.E.2d 497, evidence as to blood alcohol content was suppressed where the analysis was made from blood taken on the initiative of a doctor at the hospital where defendant was taken, but not at the request of the police.

The State, however, contends that the four cases cited by defendant are not controlling because in none of them was there evidence of a demonstrated medical necessity for the test. It argues, with no supporting authority, that if blood tests are taken "based on ample proof of their necessity for preserving life" the result should be admissible even though consent was not given. We disagree. Not only was each of the four cases cited above decided on the basis that defendant did not consent to the taking of the blood specimen, but in *Weissinger* the specimen was taken on the initiative of a doctor, presumably because it was medically necessary. There, as here, the State also contended that evidence as to the analysis of the blood should have been admitted because no State action was involved. That court, in affirming the refusal to admit such evidence, stated:

"The statute prescribes that evidence of such a test 'shall not be

admitted' without consent. This protection for the defendant is absolute; it is not in any way conditioned upon participation by the State in the test procedures." 90 Ill. App. 3d 700, 702, 413 N.E.2d 497, 499.

We adopt this reasoning and hold that it was reversible error to admit evidence of the blood test results.

Reversed and remanded for a new trial.

LORENZ and WILSON, JJ., concur.