THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, *v.* EILEEN PEZZETTE, Defendant-Appellee.

Second District   No. 81—1039

Opinion filed January 26, 1983.

T. Jordan Gallagher, State's Attorney, of Sycamore (Phyllis J. Perko, of State's Attorneys Appellate Service Commission, of counsel), for the People.

Richard D. Larson and Scott R. Erwin, both of De Kalb, for appellee.

JUSTICE NASH delivered the opinion of the court:

The State appeals from a pretrial order suppressing evidence of a blood alcohol analysis made of defendant, Eileen Pezzette, who is charged with driving under the influence of intoxicating liquor (Ill. Rev. Stat. 1979, ch. 95½, par. 11—501(a)).

In this appeal we consider whether the results of a chemical anal-

ysis of defendant's blood, to which she consented and which she requested, are inadmissible for failure to conform to the testing requirements of section 11—501(d) of the Illinois Vehicle Code (Ill. Rev. Stat. 1979, ch. 95½, par. 11—501(d)).

On October 16, 1981, defendant was charged with reckless homicide (Ill. Rev. Stat. 1979, ch. 38, par. 9—3(a)), subsequently dismissed, and driving under the influence of intoxicating liquor. She filed a motion to suppress evidence of a chemical analysis made of her blood, and a motion *in limine* to prohibit use of the results in trial, on the grounds that statutory procedures regulating such testing were not followed. At the hearing of the motions defendant and the State entered into a stipulation that if certain witnesses were called they would testify as follows:

Officer James Rhoades of the city of De Kalb Police Department would testify that on July 1, 1981, at 1:45 a.m., he was investigating an automobile collision and had a conversation with defendant in Kishwaukee Community Hospital; that he requested she submit to a blood test in order to determine the percentage of alcohol in her blood and she stated she needed time to consider that decision; he again made the request at 3:15 a.m. and she advised him she would not agree to do so, whereupon Officer Rhoades left the hospital.

Sharon Whitlock would testify that on July 1, 1981, she was employed as a medical technician at the hospital and was so certified by the American Society of Clinical Pathologists, having passed the Board of Registry examination; that she did not possess a permit issued by the State Department of Public Health to perform chemical analysis of blood, pursuant to section 11—501(d) of the Illinois Vehicle Code; that at 3:22 a.m. on July 1, 1981, defendant, Eileen Pezzette, requested Whitlock to draw a sample of Pezzette's blood and analyze in order to determine the percentage of alcohol in the blood; that Whitlock thereupon withdrew two samples of defendant's blood, according to these procedures: (a) the area of injection was wiped with a nonalcoholic and nonorganic disinfectant, (b) the injection was made with a sterile, dry hypodermic needle, and (c) the blood sample was deposited in a clean container with an inert stopper; alcohol was not used to clean the container and the blood was mixed with an anti-coagulant and a preservative; that Whitlock thereafter analyzed the blood sample by means of enzymatic reduction.

Dr. Krishna P. Reddy would testify that on July 1, 1981, he was employed by Kishwaukee Community Hospital as a medical doctor and pathologist, that the medical laboratory of the hospital under his direction has met the standards of accreditation of the College of

American Pathology and was so accredited on July 1, 1981; that Sharon Whitlock was a medical technician who worked under his immediate supervision.

Dan Gerace would testify that on July 2, 1981, he was a police officer and interviewed defendant who told Gerace she had submitted to a blood test at the hospital on July 1 and the results were either 180 or 108, she was not sure.

In addition to the stipulation, testimony was presented at the hearing.

Defendant testified, *inter alia*, that Officer Rhoades asked her to take a blood test and she declined to do so in response to his request; after the officer left the hospital, defendant spoke to a nurse who made arrangements for a test at her request and a blood sample was taken from defendant by hospital personnel.

Donna Kubetz testified she was an employee of the hospital and explained blood tests to defendant; that defendant asked whether she could have a blood test done for her own interest to determine the results for herself and advised defendant she could do so; when defendant asked whether the test results could be used against her, Kubetz responded she could not say what would happen, but that the results could be subpoenable as part of defendant's medical record; Kubetz also testified that defendant consented to the blood test, it was given to her, and Kubetz thereafter communicated the results to the De Kalb police.

After argument, the trial court made findings that defendant had refused to take the blood test requested by Officer Rhoades; she did request and submit to a blood test for her use which was performed by Sharon Whitlock; that Whitlock did not possess a permit issued by the Department of Public Health to perform chemical analysis of blood as required by section 11—501(d) of the Illinois Vehicle Code; that the Kishwaukee Community Hospital also lacked such a permit; that the test was for defendant's own use, not in response to the officer's requests; and, the test was not made in response to paragraph (f) of section 11—501 of the Code as it was not in addition to a test made at the direction of a law enforcement officer. Defendant's motions to suppress evidence and *in limine* were thereupon granted, and the State appeals after filing a certificate of impairment of its case.

■ The State contends that compliance with the provision of section 11—501(d) of the Illinois Vehicle Code (Ill. Rev. Stat. 1979, ch. 95½, par. 11—501(d)) that chemical analysis of a person's blood must be performed by one having a permit from the Department of Public Health is not a prerequisite to the admissibility of evidence of a blood

test taken at defendant's own request and not at the request of a law enforcement officer. Defendant asserts that as neither the hospital nor person analyzing her blood possessed permits from the Department of Public Health evidence of the test result is not admissible in her prosecution.

Section 11—501 of the Illinois Vehicle Code (Ill. Rev. Stat. 1979, ch. 95½, par. 11—501) provides, as relevant,

"(d) Chemical analysis of the person's blood or breath to be considered valid under this Section must be performed according to uniform standards adopted by the State Department of Public Health, in cooperation with the Superintendent of State Police, and by an individual possessing a valid permit issued by that Department for this purpose. The State Department of Public Health is authorized to approve satisfactory techniques or methods to ascertain the qualifications and competence of individuals to conduct such analysis and to issue permits which shall be subject to termination or revocation at the discretion of the State Department of Public Health.

(e) When an unconscious person or person otherwise incapable of refusal is given a blood test at the request of a law enforcement officer under the provisions of this Chapter, only a physician authorized to practice medicine in all its branches, a registered nurse or other qualified person may withdraw blood, in a manner prescribed by the Department of Public Health for the purpose of determining the alcoholic content therein.

(f) The person tested may have a physician authorized to practice medicine in all its branches, a qualified technician, chemist, registered nurse, or other qualified person of his own choosing to administer a chemical test or tests, at his own expense, in addition to any administered at the direction of a law enforcement officer. The failure or inability to obtain an additional test by a person does not preclude the admission of evidence relating to the test or tests taken at the direction of a law enforcement officer.

(g) Upon the request of the person who submitted to a chemical test or tests at the request of a law enforcement officer, full information concerning the test or tests must be made available to him or his attorney."

We note initially this case must be distinguished from those in which a chemical analysis of blood was properly suppressed because the sample was taken from a defendant without satisfying the consent requirements of section 11—501(c) (Ill. Rev. Stat. 1979, ch. 95½, par.

11—501(c)). (Compare *People v. Todd* (1975), 59 Ill. 2d 534, 322 N.E.2d 447; *People v. Williams* (1981), 103 Ill. App. 3d 876, 431 N.E.2d 1280; *People v. Weissinger* (1980), 90 Ill. App. 3d 700, 413 N.E.2d 497.) Here, defendant requested the test be performed for her own interest and purposes after declining to submit to it at the request of the police officer. Nor is there any indication in the record that law enforcement officials requested the hospital to forward the results to the police. See *Murray v. United States* (D.C. App. 1976), 358 A.2d 314, 381 n.11.

In *People v. Todd* (1975), 59 Ill. 2d 534, 542, 322 N.E.2d 447, 452, the court considered the legislative history of section 11—501 and stated that "[t]he obligation to obtain consent appears to be the dominant intent of the legislature." This court most recently noted in *People v. Weissinger* (1980), 90 Ill. App. 3d 700, 702, 413 N.E.2d 497, 499, that:

> "[The] statutory intendment is to safeguard the rights of the defendant to preserve his bodily integrity and to be free of the need to give evidence against himself, to an extent greater than those rights are protected by the constitution."

It thus seems apparent that the protective provisions of section 11—501 of the Illinois Vehicle Code were formulated to prevent an accused from being subjected to nonconsensual or inaccurate testing procedures by law enforcement officers. That legislative purpose is obviated, or at least not implicated, where a blood test is administered at defendant's own request and not in response to either a police request or to a prior test taken at the direction of a law enforcement officer.

That conclusion is supported also by the terms of the statute. Section 11—501(d) of the Code provides that before a chemical analysis of blood may be considered valid *under section 11—501*, the analysis must have been performed (1) by a person who possesses a valid permit issued by the Department of Public Health and (2) in accordance with the standards adopted by the Department. Section 11—501(e) of the Code permits a law enforcement officer to have blood drawn from an unconscious person; section 11—501(f) permits a defendant to have additional tests performed at her own expense after being subjected to a blood alcohol test at the direction of an officer; and, the third testing situation covered by the statute occurs where a person agrees to submit to a blood analysis at the request of an officer.

While the language of section 11—501(d) relating to compliance with the testing standards and permit requirements of the Department of Public Health are mandatory, and admissibility of the test

results will be denied if not satisfied (see *People v. Leffew* (1975), 33 Ill. App. 3d 700, 705, 338 N.E.2d 480, 484, *appeal denied* (1976), 62 Ill. 2d 591), it seems clear the requirements of this section are a prerequisite only for the purposes of section 11—501. In the present case, defendant was not unconscious and section 11—501(e) is not applicable; as defendant had not been subjected to a test as a result of a police request the provisions of section 11—501(f) do not apply, as it has been held to be applicable only to the taking of tests in addition to those given at the request of the police. (See *People v. Mankowski* (1975), 28 Ill. App. 3d 641, 645-46, 329 N.E.2d 266, 269-70, *appeal denied* (1975), 60 Ill. 2d 599; *People v. Bies* (1971), 2 Ill. App. 3d 1001, 1003, 276 N.E.2d 364, 366.) Also, defendant did not consent to a test at the request of an officer. As none of the three situations to which the statute is directed are presented here we conclude it does not control the resolution of this case as section 11—501(d) is limited in application to cases where a chemical analysis of blood has been made at the request of the police.

In *People v. Leffew* (1975), 33 Ill. App. 3d 700, 705, 338 N.E.2d 480, 484, *appeal denied* (1976), 62 Ill. 2d 591, upon which defendant relies, this court determined the language of section 11—501(d) was mandatory and denied admission of blood test results where the doctor drawing the blood sample did not follow a Department rule prohibiting the use of alcohol to disinfect the area from which the sample was taken. *Leffew* must be distinguished, however, as there defendant consented to a police request that the test be conducted and protective terms of the statute which then obtained were not met.

Defendant does not argue that the medical technician who performed the blood analysis violated any of the standards for such tests adopted by the Department of Public Health. Nor has defendant suggested that Sharon Whitlock lacked the training and experience necessary to accurately carry out the test. Defendant stipulated that Whitlock was a medical technician who had been certified by the American Society of Clinical Pathologists after a registry examination and worked under the supervision of a medical doctor and pathologist who directs the accredited laboratory of the hospital in which the test was performed.

Instead, defendant contends only that the medical technician and hospital did not possess the permit required by section 11—501(d) for persons who make a chemical analysis of blood under that statute. A similar argument was considered in *People v. Gasper* (1981), 97 Ill. App. 3d 787, 789-90, 423 N.E.2d 510, 512. There, after defendant signed a consent form for blood analysis, samples were drawn by a

medically qualified lab supervisor who did not, however, have the permit issued by the Department of Public Health required by section 11—501(d). The blood was then analyzed by another person who was medically qualified to do so. The court rejected defendant's argument the test results were not admissible absent the permit. It noted first that the permit requirement of section 11—501(d) applied only to the person analyzing the blood rather than the person who draws the sample, and, as defendant failed to show that the qualified person who analyzed the blood violated any of the Department standards the results were deemed admissible. Compare *People v. Leffew* (1975), 33 Ill. App. 3d 700, 338 N.E.2d 480 (standards violated in analyzing blood).

■ As the test administered in this case was not undertaken at the request of law enforcement officers and no basis has been shown to conclude that it was not competently performed and medically reliable, the trial court erred in suppressing the test results and entering its order *in limine*.

Accordingly, the judgment of the circuit court of De Kalb County will be reversed and the cause remanded for further proceedings.

Reversed and remanded.

REINHARD and UNVERZAGT, JJ., concur.