MARK L. SCHANTZ *et al.*, Adm'rs of the Estate of Norma J. Schantz, Deceased, Plaintiffs-Appellants, *v.* JANICE M. HODGE-VonDeBUR, Adm'r of the Estate of Forrest D. Hodge, Deceased, Defendant-Appellee.

Fourth District   No. 4—82—0617

Opinion filed April 7, 1983.

John J. Casey, of Casey & Casey, of Springfield, for appellants.

Carol J. Hansen Fines and John L. Swartz, both of Giffin, Winning, Lindner, Newkirk, Cohen & Bodewes, P.C., of Springfield, for appellee.

JUSTICE TRAPP delivered the opinion of the court:

Plaintiffs Mark Schantz and Bradley Schantz, administrators of the estate of Norma Schantz, appeal from a pretrial ruling in plaintiffs' suit for wrongful death granting defendant's motion *in limine* to exclude the results of a coroner's examination of decedent Forrest Hodge's blood alcohol content. On certification by the trial court that the order involved a question of law to which there was a substantial ground for difference of opinion and that an immediate appeal would advance the determination of the litigation, this court granted plaintiffs' application for leave to appeal pursuant to Supreme Court Rule 308 (87 Ill. 2d R. 308).

The facts pertinent here show that on September 17, 1980, plaintiffs filed a wrongful death suit against the estate of Forrest D. Hodge, alleging negligence in the operation of a motor vehicle within the city of Springfield. The complaint alleged that Hodge was negligent in driving while intoxicated and in failing to keep a lookout for other vehicles. Plaintiffs alleged that as a result of this conduct plaintiffs' decedent, a passenger in Hodge's vehicle was killed.

After the accident, the coroner of Sangamon County took a blood sample from decedent Hodge which would allegedly show that at the time of the accident he had a blood alcohol content of .266%. Plaintiffs sought to admit this evidence at trial and on September 13, 1982, filed a request for pretrial ruling seeking a determination of whether the report was admissible. Defendant responded with a motion *in limine* which was granted by the court.

At the time of the accident, "An Act to revise the law in relation to coroners" (Ill. Rev. Stat. 1979, ch. 31, par. 1 *et seq.*) provided that the results of investigations by the coroner or the Department of Public Health of the blood alcohol level of a decedent were inadmissible in civil proceedings. Section 10(e) of the Act provided that in cases of accidental death involving a motor vehicle the coroner was required to take a blood specimen with the results to be statistically compiled by the Department of Public Health. Section 10(e) further provided that such examinations would be available for use only at the coroner's in-

quest and for no other purpose. (Ill. Rev. Stat. 1979, ch. 31, ch. 10(e).) Effective January 1, 1982, this provision was eliminated by Public Act 82—221. 1981 Ill. Laws 1220.

Section 3.01 of the Evidence Act (Ill. Rev. Stat. 1979, ch. 51, par. 3.01) and sections 11—501 and 11—501.1 of the Illinois Vehicle Code (Ill. Rev. Stat. 1979, ch. 95½, pars. 11—501, 11—501.1) also implicitly excluded evidence of the results of tests conducted upon the decedent to determine blood alcohol absorption. Section 3.01 of the Evidence Act provided, in part:

> "In any criminal action the records of the corner's medical or laboratory examiner summarizing and detailing the performance of his official duties in performing medical examinations upon deceased persons or autopsies, or both *** shall be received as competent evidence in any court of this State ***."
> (Ill. Rev. Stat. 1979, ch. 51, par. 3.01.)

This section was likewise amended by Public Act 82—221, which added the word "civil" before the word "criminal" in the first sentence of the statute.

Section 11—501 of the Illinois Vehicle Code also rendered inadmissible results of a chemical analysis of a decedent's blood alcohol content since it required the consent of the person upon whom the test was performed as provided by section 11—501.1 of the Code and conditioned the admissibility of the test results upon such consent. Public Act 82—221 amended this section as well as section 11—501.1(e) to provide that in cases where evidence was obtained from a person who was deceased at the time the test was performed, such evidence would not be inadmissible solely for lack of consent.

On appeal, plaintiffs argue that these changes affected by Public Act 82—221 are modifications of the law of procedure and evidence and that amendments affecting such statutes may always be retroactively applied to transactions or considerations already passed. Defendant responds that no law may be retroactively applied when its effect is to alter a vested and protected right. We reverse.

■ A retroactive law has been defined as one which takes away or impairs vested rights acquired under existing laws or creates a new obligation, imposes a new duty, or attaches a new disability in respect to transactions or considerations already passed. (*United States Steel Credit Union v. Knight* (1965), 32 Ill. 2d 138, 204 N.E.2d 4; *McAleer Buick-Pontiac Co. v. General Motors Corp.* (1981), 95 Ill. App. 3d 111, 419 N.E.2d 608.) When deciding whether a statute should be given retrospective or prospective application, the focus is upon the intent of the legislature, absent which courts presume that

the legislature intended its enactments to operate prospectively and not retrospectively. (*McAleer Buick-Pontiac Co.*) Not all cases of retroactive application of laws are prohibited; a law may be retroactively applied if it affects only remedies, matters of procedure, or rules of evidence which are at all times subject to modification by the legislature. (*Maiter v. Chicago Board of Education* (1980), 82 Ill. 2d 373, 415 N.E.2d 1034; *Hyman-Michaels Co. v. Massachusetts Bonding & Insurance Co.* (1955), 9 Ill. App. 2d 13, 132 N.E.2d 347; *City Council of Waltham v. Vinciullo* (1974), 364 Mass. 624, 307 N.E.2d 316; *Unick v. Kessler Memorial Hospital* (1969), 107 N.J. Super. 121, 257 A.2d 134; 82 C.J.S. *Statutes* sec. 424 (1953).) However, the mere fact that a law may be considered to affect only remedies or procedural matters does not insure that it will be retroactively applied if such application would deprive one of a vested right. (*Hogan v. Bleeker* (1963), 29 Ill. 2d 181, 193 N.E.2d 844.) At bar, no contention is made by the defendant that anything other than a rule of evidence or procedure is involved. Defendant's contention is that these changes, though perhaps relating to rules of evidence or procedure, bring about a change in the prior law and upset a vested right acquired thereunder.

In support of defendant's position they rely upon *Hogan* and *People v. Theo* (1971), 133 Ill. App. 2d 684, 273 N.E.2d 498, and a number of cases decided prior to Public Act 82—221 interpreting the various sections which have been heretofore set out. See *Mason v. Mundelein Lanes, Inc.* (1979), 72 Ill. App. 3d 990, 391 N.E.2d 151; *People v. Weissinger* (1980), 90 Ill. App. 3d 700, 413 N.E.2d 497; *People v. Williams* (1981), 103 Ill. App. 3d 876, 431 N.E.2d 1280.

■ The latter group of cases decided under the law prior to its amendment are inapposite here. These cases involve neither a retroactive application of a statute nor a discussion of a vested right. *Hogan*, cited by defendant, involved a retroactive application of a law which interfered with a contract previously entered into and *Theo* considered an amendment to procedural rules governing the assertion of fourth amendment claims in criminal cases. Just what vested rights a deceased may have is not pointed out by defendant, nor are we able to discern any vested right. No contract was entered into and no question involving the assertion of a constitutional right is presented. The changes made by the amendment do not declare for the first time in this State that evidence of intoxication is relevant and admissible in wrongful death proceedings; evidence of intoxication being admissible, the statute merely provides that evidence of intoxication obtained from various sources shall not be inadmissible because of the absence of consent. Though the amendments do effect a change in the prior

law, decedent has no vested rights in the public law (*People ex rel. Allied Bridge & Construction Co. v. McKibbin* (1942), 380 Ill. 63, 43 N.E.2d 550) and certainly defendant is not prejudiced here by any claim of prior reliance on the law. The trial court's decision to refuse to apply this statute runs counter to the numerous decisions heretofore cited.

In light of the foregoing, the trial court's order granting defendant's motion *in limine* is reversed and the matter is remanded for further proceedings.

Reversed and remanded.

WEBBER, P.J., and GREEN, J., concur.