THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, *v.* ERIN MURPHY, Defendant-Appellee.

Third District   No. 3—83—0672

Opinion filed May 31, 1984.

Edward F. Petka, State's Attorney, of Joliet (John X. Breslin and Gary F. Gnidovec, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Bruce A. Heidecke, of Wheaton, for appellee.

JUSTICE SCOTT delivered the opinion of the court:

The defendant, Erin B. Murphy, was indicted for the offense of reckless homicide as a result of an automobile accident which occurred in Will County on February 4, 1983. Prior to her scheduled trial, defendant filed a motion *in limine* to prevent the admission of the results of a blood-alcohol test performed upon her while she was a patient at Edward Hospital for injuries she had sustained in the automobile accident.

Following a hearing, the circuit court of Will County granted defendant's motion *in limine* and suppressed the blood-alcohol results. The People have appealed contending that the court erred in applying the requirements of section 11—501.2 of the Illinois Vehicle Code (Ill. Rev. Stat. 1981, ch. 95½, par. 11—501.2) to a reckless homicide proceeding. Alternatively, the People argue that even if the circuit court was correct in initially applying the foregoing statute to a reckless homicide case, the statute was nevertheless inapplicable in the final analysis because the chemical analysis of the defendant's blood was not made at the request of the police.

At the hearing on the defendant's motion *in limine* it was stipulated by the parties that the facts of the occurrence involved a one-car accident in which the defendant's vehicle left the roadway and struck a guard rail. The collision resulted in the death of a passenger in the defendant's motor vehicle.

It was further stipulated that the defendant was removed from the scene by ambulance and attended by paramedics en route to Ed-

ward Hospital in Naperville, Illinois, for treatment of her injuries. While in the emergency room, an attending physician ordered a blood sample be taken from the defendant for medical reasons. The blood sample was taken by a medical technologist.

It was finally stipulated that although the Edward Hospital laboratory was licensed by the Illinois Department of Public Health to conduct blood tests for its own medical purposes, neither the laboratory nor any of its technicians were certified to conduct blood-alcohol tests pursuant to the requirements of section 11—501.2, and the rules promulgated thereunder by the Illinois Department of Public Health, specifically sections 12.01 through 12.04 of the Standards & Procedures for Testing for Alcohol and/or Other Drugs by Breath, Blood & Urine Analysis, which was effective throughout Illinois as of January 1, 1982.

The People's brief contains a detailed description of the qualifications of the laboratory, the technician in question and the method she used to extract and test the defendant's blood sample. The trial court believed that despite the fact that the laboratory in question, as well as the individual technician involved in the removal and testing of the defendant's blood sample, were well qualified to do so for their own purposes, since neither possessed the certification required by the statute, it had no choice but to grant defendant's motion *in limine*.

In addition to the foregoing stipulations of fact, it would further appear that both sides acknowledge that the prior statute and case law interpreting it would support the decision of the trial court here, *i.e.*, that section 11—501 *et seq.*, commonly referred to as the DWI statute, also governed the admissibility of blood tests in reckless homicide prosecutions as well. See *People v. Leffew* (1975), 33 Ill. App. 3d 700, 338 N.E.2d 480; *People v. Weissinger* (1980), 90 Ill. App. 3d 700, 413 N.E.2d 497; *People v. Todd* (1975), 59 Ill. 2d 534, 322 N.E.2d 447; and *People v. Palmer* (1983), 114 Ill. App. 3d 454, 448 N.E.2d 1005.

The issue presented for review here is whether the new statutory amendments to section 11—501 *et seq.* change the law to the extent that its provisions no longer apply to reckless homicide prosecutions. The People contend the amendments indicate a legislative intent to abandon the former all-encompassing language of the statute which was relied upon by the various courts of this State to conclude that reckless homicide prosecutions were governed by the same rules of evidence as DWI prosecutions with respect to the admissibility of blood tests. The defendant argues that the amendments do not

change the applicability of the law to reckless homicide cases, but only clarify the fact that the new legislation applies to both civil and criminal cases and that evidence of a refusal to submit to a request for a blood-alcohol test is now admissible in both civil and criminal actions.

A comparison of the statutory language of the former enactment and the present amendment reveals the following:

"Sec. 11—501. Persons under the influence of intoxicating liquor or narcotic drugs.

(a) No person who is under the influence of intoxicating liquor may drive or be in actual physical control of any vehicle within this State.

\* \* \*

(c) *Upon the trial of any action or proceeding arising out of the acts alleged to have been committed by any person while driving or in actual physical control of a vehicle while under the influence of intoxicating liquor,* evidence of the amount of alcohol in the person's blood at the time of the act alleged as shown by a chemical analysis of his breath, blood, urine, saliva or other bodily substance is admissible, as provided hereinafter in this paragraph (c) and the result of any such analysis shall give rise to the following presumptions: \*\*\*." (Emphasis added.) Ill. Rev. Stat. 1979, ch. 95½, par. 11—501.

The present amendment, which is applicable to the case at bar, provides as follows:

"Sec. 11—501. Driving while under the influence of alcohol, other drug, or combination thereof.

(a) A person shall not drive or be in actual physical control of any vehicle within this State while:

1. The alcohol concentration in such person's blood or breath is 0.10 or more based on the definition of blood and breath units in Section 11—501.2;

2. Under the influence of alcohol;

3. Under the influence of any other drug or combination of drugs to a degree which renders such person incapable of safely driving; or

4. Under the combined influence of alcohol and any other drug or drugs to a degree which renders such person incapable of safely driving.

(b) The fact that any person charged with violating this Section is or has been legally entitled to use alcohol, or other drugs, or any combination of both, shall not constitute a de-

fense against any charge of violating this Section.

(c) Every person convicted of violating this Section or a similar provision of a local ordinance, shall be guilty of a Class A misdemeanor.

The Secretary of State shall revoke the driving privileges of any person convicted under this Section or a similar provision of a local ordinance." Ill. Rev. Stat. 1981, ch. 95½, par. 11—501.

The People contend the deletion by the legislature of the language "upon the trial of any action or proceeding" from the new statute indicates that it intended to limit the application of the procedural requirements of the DWI and implied consent statutes strictly to the charges of DWI.

The defendant responds by pointing out that the legislature did not in fact abandon the emphasized language of the former statute because even the new amendments provide:

"(a) *Upon the trial of any civil or criminal action or proceeding* arising out of an arrest for an offense as defined in Section 11—501 or a similar local ordinance, evidence of the concentration of alcohol, other drug or combination thereof in a person's blood or breath at the time alleged, as determined by analysis of the person's blood, urine, breath or other bodily substance, shall be admissible. Where such test is made the following provisions shall apply: ***.

\* \* \*

(c) If a person under arrest refuses to submit to a chemical test under the provisions of Section 11—501.1, *evidence of refusal shall be admissible in any civil or criminal action or proceeding arising out of acts alleged to have been committed while the person under the influence of alcohol, or other drugs, or combination of both was driving or in actual physical control of a motor vehicle.*" (Emphasis added.) Ill. Rev. Stat. 1981, ch. 95½, par. 11—501.2.

The People reply that assuming *arguendo* that section 11—501.2 applies to reckless homicide prosecutions, the trial court nevertheless erred in granting the defendant's motion *in limine* because section 11—501.2 is inapplicable where the chemical analysis of blood was not made at the request of the police. *People v. Pezzette* (1983), 112 Ill. App. 3d 124, 444 N.E.2d 1386.

In *Pezzette*, the defendant was charged with DWI following an automobile accident. The police requested that the defendant submit to a blood test but she refused. Later the defendant requested for

her own benefit that a blood test be taken. The results of the test were later communicated to the police and the trial court suppressed the evidence on the basis that the hospital and staff in question lacked the proper certification under section 11—501(d) to permit the admissibility of the test results. The appellate court reversed, holding that section 11—501(d) was not controlling because the facts of the case did not involve a situation where a blood test was taken pursuant to the request of a police officer.

Whatever application the holding in *Pezzette* may have had to the disposition of this case has been, in our opinion, eroded by the later decision of *People v. Palmer* (1983), 114 Ill. App. 3d 454, 448 N.E.2d 1005.

*Palmer* involved a medically ordered blood test taken in an emergency room for treatment purposes. The sample was tested in a laboratory and by a technician who did not possess the required certification mandated by the statute.

The court in *Palmer* rejected the State's argument that the statute's requirements as to certification could be ignored if the request for the blood test had been initiated by the defendant's doctor instead of the police.

We believe that the State's argument that the new amendments to the DWI statute create an easier path for the admissibility of blood tests in reckless homicide cases than the lesser offense of DWI offenses is without merit. Accordingly, we conclude that the trial court's granting the defendant's motion *in limine* was not only proper, but necessary if the statute applies equally to reckless homicide and DWI offenses alike, which we believe it does.

For the foregoing reasons, the judgment of the circuit court of Will County is affirmed.

Affirmed.

STOUDER and BARRY, JJ., concur.