THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v. ROBERT L. DURBIN, Defendant-Appellee.

Second District   No. 84—0954

Opinion filed December 10, 1985.

James E. Ryan, State's Attorney, of Wheaton (Barbara A. Preiner and Judith M. Pietrucha, Assistant State's Attorneys, and Phyllis J. Perko, of State's Attorneys Appellate Service Commission, of counsel), for the People.

John F. Donahue, of Oak Brook, for appellee.

PRESIDING JUSTICE NASH delivered the opinion of the court:

The State appeals from an order of the trial court which suppressed evidence of the results of a blood test taken at the request of defendant, Robert L. Durbin, at a hospital laboratory which was not certified for such chemical analysis by the Illinois Department of Public Health.

An indictment was returned on May 17, 1984, charging defendant with aggravated battery (Ill. Rev. Stat. 1983, ch. 38, par. 12—3(a)(1)) and driving while under the influence of alcohol (Ill. Rev. Stat. 1983, ch. 95½, par. 11—501(a)(2)). In a bench trial on September 14, 1984, the State called as its first witness Dr. Austin J. Gibbons, director of laboratories at Good Samaritan Hospital in Downers Grove. Dr. Gibbons testified he was a pathologist with at least five years' experience in analytical chemistry and supervisor of the laboratory technologists at the hospital. He also testified that the laboratory of Good Samaritan Hospital had not been certified by the Illinois Department of Public Health as is required by section 11—501.2 of the Illinois Vehicle Code (Ill. Rev. Stat. 1983, ch. 95½, par. 11—501.2). On that ground, the trial court ruled that the results of blood testing done at the uncertified hospital were not admissible as evidence in a prosecution for driving under the influence of alcohol and suppressed the evidence. After filing a certificate of impairment, the State has appealed.

In their briefs, the parties agree that the blood-alcohol test in question was undertaken at defendant's request and not at the request of any law enforcement officer. It also is undisputed that the hospital laboratory where the blood analysis was undertaken and the technicians who performed it were not certified by the Illinois Department of Public Health to conduct chemical analysis of blood under sections 12.01—12.04 of the Standards and Procedures for Testing for Alcohol and/or Other Drugs of the Illinois Department of Public Health, as is provided for in section 11—501.2 of the Illinois Vehicle Code (Ill. Rev. Stat. 1983, ch. 95½, par. 11—501.2).

The State contends that as the blood-alcohol analysis in this case was not undertaken after defendant's arrest at the request of law enforcement officers, the certification requirements of section 11—501.2 of the Illinois Vehicle Code (Ill. Rev. Stat. 1983, ch. 95½, par. 11—501.2) do not apply nor do the comprehensive standards promulgated by the Department of Public Health for the conduct of such tests.

After the briefs were filed in this case, our supreme court decided *People v. Murphy* (1985), 108 Ill. 2d 228, 483 N.E.2d 1288, in which it

held that the certification requirements and testing standards in question are applicable only to the offense of driving while under the influence; the court reversed the judgment of the appellate court which had applied the requirements of section 11—501.2 of the Illinois Vehicle Code to a reckless homicide prosecution in that case. In so holding, the supreme court considered and gave effect to the intent of the legislature, finding that its purpose was to restrict the certification requirements to the offense of driving while under the influence (108 Ill. 2d 228, 231, 483 N.E.2d 1288). The court also noted that the appellate court in *People v. Hartwick* (1984), 128 Ill. App. 3d 272, 470 N.E.2d 606, and *People v. Pezzette* (1983), 112 Ill. App. 3d 124, 444 N.E.2d 1386, *appeal denied* (1983), 94 Ill. 2d 556, had correctly interpreted the application of the statute's certification requirements.

In discussing *People v. Pezzette* (1983), 112 Ill. App. 3d 124, 444 N.E.2d 1386, where defendant was charged with reckless homicide and driving while under the influence of intoxicating liquor, the supreme court noted that the legislative design was to protect an accused from being subjected to nonconsensual or inaccurate testing procedures by law-enforcement officers, as was demonstrated by section 11—502.2, which provides that a person who has been tested at the request of an officer may also have "a physician, or a qualified technician, chemist, registered nurse, or other qualified person of their own choosing administer a chemical test or tests in addition to any administered at the direction of a law enforcement officer." (Ill. Rev. Stat. 1981, ch. 95½, par. 11—501.2(a)(3).) The court concluded that,

> "It can be seen from this that the certification requirements set out in the Standards are not a *sine qua non* of admissibility. The certification requirements are a protection afforded an accused to insure that the results of testing called for by law-enforcement officers in driving-under-the-influence cases are reliable. In other situations, as here, the ordinary standards of admissibility will be applied." *People v. Murphy* (1985), 108 Ill. 2d 228, 234, 483 N.E.2d 1288.

■■ In *People v. Pezzette* (1983), 112 Ill. App. 3d 124, 444 N.E.2d 1386, *appeal denied* (1983), 94 Ill. 2d 556, the factual circumstances were substantially the same as in the present case. The defendants in each case were requested by police officers to submit to a blood-alcohol test and each refused to do so. These defendants each did, however, then proceed to independently undergo such tests, administered at their own request by persons whom they chose. In *People v. Pezzette,* and presumably in the present case, the defendants were not

satisfied that the results of their blood analysis would assist in their defenses to the charges of driving while under the influence of alcohol, and sought suppression of that evidence for lack of the certification. In *People v. Pezzette,* this court concluded that section 11—501 of the Illinois Vehicle Code (Ill. Rev. Stat. 1979, ch. 95½, par. 11—501) was "limited in application to cases where a chemical analysis of blood has been made at the request of the police" (*People v. Pezzette* (1983), 112 Ill. App. 3d 124, 129, 444 N.E.2d 1386), and that the evidence may not be suppressed on that ground. We reach the same conclusion in the present case.

It was also held in *People v. Murphy* (1985), 108 Ill. 2d 228, 483 N.E.2d 1288, that in such cases the ordinary standards of admissibility of the results of a blood analysis will necessarily be applied, and these do not include the certification requirements of section 11—501. In the present case, the trial court suppressed the evidence on the grounds we have discussed before the State had an opportunity to offer evidence relating to the competency of the laboratory technicians and the reliability of the testing procedures, and it will be permitted to do so in support of the admission in evidence of the test results.

■ Defendant has also contended, for the first time on appeal, that the blood test results were a privileged communication between himself and his physician, who supervised withdrawal of a blood sample, citing *Alder v. State* (1958), 239 Ind. 68, 154 N.E.2d 716, and he argues that the trial court's judgment may be supported on that ground. See *Shaw v. Lorenz* (1969), 42 Ill. 2d 246, 248, 246 N.E.2d 285.

Generally, an issue not raised in the circuit court may not be raised for the first time on appeal. An exception to the rule can be found where the record contains all the factual matters necessary to decide the matter. (*Bell v. Louisville & Nashville R.R. Co.* (1985), 106 Ill. 2d 135, 142, 478 N.E.2d 384.) The exception cannot be applied here, however, as none of the circumstances relating to the withdrawal of the blood sample and defendant's relationship to any physician who may have participated in that procedure are found in the record of this case. We do not, therefore, consider defendant's final argument.

Accordingly, the judgment of the circuit court is reversed and the cause remanded for further proceedings.

Reversed and remanded.

SCHNAKE and STROUSE, JJ., concur.