THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v. RICHARD HANEY, Defendant-Appellee.

Fourth District   No. 4—86—0553

———

Opinion filed May 4, 1987.—Rehearing denied May 21, 1987.

Paul Lee Stone, State's Attorney, of Sullivan (Kenneth R. Boyle, Robert J. Biderman, and Timothy J. Londrigan, of counsel), for the People.

Paula G. Phillips, of Mattoon, for appellee.

JUSTICE McCULLOUGH delivered the opinion of the court:

On May 9, 1986, the defendant, Richard Haney, was cited for driving under the influence of alcohol. (Ill. Rev. Stat. 1985, ch. 95½, par. 11—501(a)(2).) Prior to trial, the defendant filed a motion *in limine* to suppress evidence of his breathalyzer analysis, asserting that the guidelines promulgated by the Department of Public Health for administering breathalyzer tests were not adhered to. The circuit court of Moultrie County granted the defendant's motion. The State appeals the circuit court's order claiming substantial impairment of their case. 103 Ill. 2d R. 604(a)(1).

In support of their argument, the State maintains that the court erred in granting the defendant's motion *in limine* as the breathalyzer results were proved to be reliable. We disagree and affirm the circuit court's order.

Deputy Sheriff Jan Braden testified that he administered a breathalyzer test on the defendant at approximately 2:30 a.m. on May 9, 1986. Braden stated that he was a certified breathalyzer operator, and he was aware of the rules and regulations necessary to effectuate proper testing procedures. Braden noted that prior to administering the test, the subject must be observed for a period of 20 minutes during which the subject may not ingest food or drink, regurgitate, or smoke. Compliance with these standards is mandatory and Braden acknowledged that failure to comply renders the test inaccurate.

Braden further stated that the defendant took a sip of water approximately 17 minutes prior to taking the test. Braden additionally claimed that he did not see the defendant remove anything from his mouth prior to taking the breathalyzer test. The defendant, however, stated that in addition to drinking water, he removed chewing tobacco from his mouth right before he took the test.

The State then introduced evidence that the defendant's conduct of drinking water and chewing tobacco was merely a technical error which in no way affected the accuracy of the breathalyzer reading. The defendant, however, claimed that any error in the procedure renders the test results inadmissible. The court allowed the defendant's motion *in limine*, noting failure to comply with the 20-minute rule prescribed in the State Department of Public Health Standards, but denied the motion with respect to the tobacco.

■■ Illinois law provides that evidence of concentration of alcohol on a person's breath will not be admissible at trial unless the chemical analysis is performed according to standards promulgated by the Department of Public Health. (Ill. Rev. Stat. 1985, ch. 95½, par. 11—501.2(a)(1).) The applicable standards, in pertinent part, specifically provide:

> "Procedures for breath alcohol analysis shall include the following requirements in conjunction with the testing of each subject:
>
> (a) Continuous observation of the subject for at least twenty (20) minutes prior to collection of the breath specimen, during which period the subject must not have ingested alcohol, food, drink, regurgitated, vomited or smoked." (77 Ill. Admin. Code 510.60 (1985).)

These protective provisions, which are incorporated into the Illinois Vehicle Code (Ill. Rev. Stat. 1985, ch. 95½, par. 11—501.2(a)(1)), are intended to prevent an accused from being subjected to nonconsensual or inaccurate testing procedures by law-enforcement officers. (*People v. Pezzette* (1983), 112 Ill. App. 3d 124, 444 N.E.2d 1386.) Consequently, compliance with these standards is mandatory and the admissibility of alcohol tests will be denied for failure to comply. *People v. Pezzette* (1983), 112 Ill. App. 3d 124, 444 N.E.2d 1386; *People v. Leffew* (1975), 33 Ill. App. 3d 700, 338 N.E.2d 480.

The State's reliance upon *People v. Crawford* (1974), 23 Ill. App. 3d 398, 318 N.E.2d 743, and *People v. Pezzette* (1983), 112 Ill. App. 3d 124, 444 N.E.2d 1386, must be factually distinguished. In both cases cited by the State, the failure to comply with Department of Public Health Standards was purely procedural and had no substantive effects upon the test results. *People v. Crawford* (1974), 23 Ill. App. 3d 398, 318 N.E.2d 743 (failure to record time and date on breathalyzer results); *People v. Pezzette* (1983), 112 Ill. App. 3d 124, 444 N.E.2d 1386 (blood analysis technician's lack of testing permit as required by Department of Public Health Standards).

■■ The issue is not whether defendant drank liquids, ingested

food, or smoked (chewed tobacco). The issue is whether the 20-minute requirement was followed. In the case at hand, the evidence is clear that the prerequisite 20-minute observation period was not complied with. It was on this basis that the trial court excluded the test results. Because of the failure to comply with the 20-minute observation period, the evidence was properly excluded. The decision of the circuit court is affirmed.

Affirmed.

LUND and KNECHT, JJ., concur.