THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. SCOTT J. HARTWICK, Defendant-Appellant.

Second District   No. 2—83—0798

Opinion filed October 26, 1984.

William E. Schirger, of Schirger, Beger & Ferguson, of Rockford, for appellant.

Charles R. Hartman, State's Attorney, of Freeport (Phyllis J. Perko and Sally A. Swiss, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

PRESIDING JUSTICE SEIDENFELD delivered the opinion of the court:

Scott J. Hartwick, the defendant, appeals from his conviction of the offense of reckless homicide (Ill. Rev. Stat. 1981, ch. 38, par. 9—3) and from his sentence of 30 months' imprisonment. He contends that evidence of a blood-alcohol test was erroneously admitted.

On July 29, 1982, the defendant was involved in a head-on collision in Stephenson County on Illinois Route 26, near the Wisconsin border, which resulted in three deaths. Defendant was taken in an unconscious state to a hospital in Wisconsin. There, an attending physician examined him and ordered, for medical reasons, certain blood tests which included a blood-alcohol test. A blood sample was taken and an analysis made by a medical technologist. The results of the test reflected a blood-alcohol level of .2%. Defendant remained hospitalized for two months, and after his discharge he was charged with driving under the influence of alcohol (DUI) and reckless homicide. However, the DUI charge was later dismissed.

Defendant filed a pretrial motion to suppress the results of the blood test on the basis that it was not performed in accordance with the mandates of the Illinois Vehicle Code (Ill. Rev. Stat. 1983, ch. 95½, par. 1—100 et seq.) and the Illinois Department of Public Health standards. It is undisputed that neither the hospital nor the medical technologist who analyzed defendant's blood was certified to conduct blood-alcohol tests pursuant to Illinois law.

The trial judge, in determining the admissibility of the blood test results, relied upon common law principles of reliability and relevancy, and not upon statutory law, and found that the evidence sustained the fact that normal, recognized medical procedures were used to withdraw the blood and to analyze it. He relied on the testimony of the attending physician in the emergency room, who stated that the test was ordered on his own volition for diagnostic medical reasons and who further testified to his opinion that the blood-alcohol level found "implies a severe intoxication." In addition, the medical technologist who withdrew the blood sample described in detail the method used. The medical technologist who analyzed defendant's blood for its alco-

hol content also testified, and it was stipulated that the analysis was performed according to normal hospital procedure and that the alcohol level was .2%.

The Illinois Vehicle Code provides, as relevant, that no person who is under the influence of intoxicating liquor may drive or be in actual physical control of any vehicle within this State. The Act further provides that any person who drives or is in actual physical control of a motor vehicle upon a public highway within the State thereby consents to a chemical test of his blood to determine its alcohol content "if arrested, as evidenced by the issuance of a Uniform Traffic Ticket, for any offense *as defined in Section 11—501 or a similar provision of a local ordinance."* (Emphasis added.) (Ill. Rev. Stat. 1983, ch. 95½, par. 11—501.1(a).) Section 11—501.2 of the Act provides as applicable here:

> *"Upon the trial of any civil or criminal action or proceeding arising out of an arrest for an offense as defined in Section 11—501 or a similar local ordinance,* evidence of the concentration of alcohol, \*\*\* as determined by analysis of the person's blood \*\*\* shall be admissible. Where such test is made the following provisions shall apply: [including, as applicable here, certification requirements for performing a blood-alcohol test.]" (Emphasis added.) Ill. Rev. Stat. 1983, ch. 95½, par. 11—501.2(a).

■ The blood test taken by Wisconsin hospital personnel did not, and obviously could not, comply with the certification requirements of the Illinois Vehicle Code. However, we conclude that the provisions of that code do not apply to a prosecution for reckless homicide and are limited in their application to prosecutions for offenses as defined in section 11—501 of the Illinois Vehicle Code (Ill. Rev. Stat. 1983, ch. 95½, par. 11—501).

The language regarding chemical analysis, prior to an amendment effective July 13, 1982 (Ill. Rev. Stat., 1982 Supp., ch. 95½, par. 11—501), stated that the statute applied "[u]pon the trial of any action or proceeding arising out of the acts alleged to have been committed by any person while driving \*\*\* under the influence of intoxicating liquor \*\*\*." (Ill. Rev. Stat. 1981, ch. 95½, par. 11—501(c).) Under the former statute this court held that the statute was applicable to charges of involuntary manslaughter (*People v. Leffew* (1975), 33 Ill. App. 3d 700, 703) and reckless homicide (*People v. Weissinger* (1980), 90 Ill. App. 3d 700, 701) arising from driving while under the influence. However, the amendment which is applicable here, by its terms, does not now encompass offenses which do not arise out of an arrest

for an Illinois Vehicle Code offense. See Ill. Rev. Stat. 1983, ch. 95½, par. 11—501.2(a).

While we are aware that a recent case not cited by the parties concludes that the amended statute applies to reckless homicide (*People v. Murphy* (1984), 124 Ill. App. 3d 695, 699), we do not agree. In *Murphy*, the court emphasized the words in the new statute *"[u]pon the trial of any civil or criminal action or proceeding"* (emphasis in original) but does not discuss the language which follows, "arising out of an arrest for an offense as defined in Section 11—501 or a similar local ordinance ***." Ill. Rev. Stat. 1981, ch. 95½, par. 11—501.2(a).

The whole of the sentence must be read in context giving effect to the qualifying terms. (See, *e.g.*, *City of Mount Carmel v. Partee* (1979), 74 Ill. 2d 371, 375.) The fact that the qualifying words were added by amendment indicates a purpose to change the law as it previously existed, particularly since the amendment was not for the purpose of removing a previous ambiguity. See, *e.g.*, *O'Connor v. A & P Enterprises* (1980), 81 Ill. 2d 260, 271.

In *Murphy*, the reviewing court also relied upon the language in section 11—501.2(c) of the Illinois Vehicle Code as further authority that the statute applies to reckless homicide charges. We again cannot agree. This section does not deal with restrictions governing the chemical analysis of a person's bodily substance, which is here involved. It instead applies to the refusal to submit to a chemical test and states that "evidence of refusal shall be admissible in any civil or criminal action or proceeding arising out of acts alleged to have been committed while the person under the influence of alcohol *** was driving *** a motor vehicle." Ill. Rev. Stat. 1983, ch. 95½, par. 11—501.2(c).

■ In context, the statutory scheme indicates a purpose to provide restrictions on chemical testing as a constitutional safeguard to one who, merely by driving on the Illinois highways, impliedly consents to being chemically tested when he is charged with an offense under the Illinois Vehicle Code. While the legislature could well establish similar restrictions on chemical testing in any civil or criminal proceeding, it has chosen by the language of the amended statute not to do so. (See Ill. Rev. Stat. 1983, ch. 95½, par. 11—501.2(a).) Therefore, we agree with the trial court's conclusion that common law principles apply to the chemical testing here involved. We are also satisfied from the record that the blood-alcohol testing process was performed in a manner using generally accepted methodology, insuring that the results were reliable.

*People v. Palmer* (1983), 114 Ill. App. 3d 454, cited by defendant

and which was also relied upon in *Murphy*, is inapplicable. In *Palmer*, a prosecution for the offense of driving while under the influence was involved, not reckless homicide.

In the view we have taken we also do not reach the State's alternative argument that if the sections of the Illinois Vehicle Code in question are held to apply to a charge of reckless homicide, they so apply only when State action is involved.

The judgment of the circuit court of Stephenson County is affirmed.

Affirmed.

LINDBERG and REINHARD, JJ., concur.