THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. DARRYL BRANCH, Defendant-Appellant.

Third District   No. 3—85—0459

Opinion filed May 23, 1986.

Robert Agostinelli and Pamela A. Peters, both of State Appellate Defender's Office, of Ottawa, for appellant.

Edward F. Petka, State's Attorney, of Joliet (John X. Breslin and Gary F. Gnidovec, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

JUSTICE BARRY delivered the opinion of the court:

Defendant, Darryl Branch, was charged, tried, and convicted of the following offenses: (1) unlawful possession with intent to deliver more than 30 grams of cocaine; (2) unlawful possession with intent to deliver diazepam; and (3) unlawful possession of less than 30 grams of cocaine. Defendant was sentenced to concurrent terms of imprisonment of six years, two years, and one year, respectively, for the three offenses, and in addition, the trial court imposed a mandatory fine of $7,800 (the street value of the cocaine involved) pursuant to section 5—9—1.1 of the Unified Code of Corrections (Ill. Rev. Stat. 1983, ch. 38, par. 1005—9—1.1). On appeal, defendant seeks the vacation of two of the three judgments of conviction as improper multiple convictions arising out of a single possession and the vacation of the mandatory fine with a remand for consideration of the appropriateness of a discretionary fine under section 10.1 of the Cannabis Control Act (Ill. Rev. Stat. 1983, ch. 56½, par. 710.1) and section 411.1 of the Illinois Controlled Substances Act (Ill. Rev. Stat. 1983, ch. 56½, par. 1411.1).

A brief summary of the facts which gave rise to the charges against defendant is necessary for a consideration of the issues raised upon appeal. A car driven by defendant was stopped by a police officer because of erratic driving. Defendant had no drivers' license, and while emptying his pockets in search of a traffic ticket he claimed to be driving on, defendant produced a folded white paper of a type commonly used to carry narcotics. The paper con-

tained a white powdery substance which appeared to be cocaine. When the officer discovered that no license had been issued to defendant and that none of the passengers had a license either, so that the car would have to be towed, he conducted an inventory search of the car and discovered a brown paper bag under the passenger seat which contained two plastic bags of a white powdery substance and a brown prescription bottle of blue pills. The white powder in the various packages later was determined to be cocaine, and the pills proved to be diazepam.

The three men were arrested, charged, and tried together. One of the passengers was acquitted, but both Branch and his codefendant, Frederick Douglas, were convicted on all charges. Douglas was sentenced on February 15, 1985, to concurrent terms of imprisonment of six years, two years, and one year. No fine was requested by the State or imposed by the court. Douglas appealed, claiming that the multiple convictions arose out of one simultaneous possession of the controlled substances. The State conceded that Douglas was correct, and accordingly, this court reversed his convictions on the two less serious offenses (possession of less than 30 grams of cocaine and possession with intent to deliver diazepam) by an unpublished order pursuant to Supreme Court Rule 23 (Ill. Rev. Stat. 1983, ch. 110A, par. 23). *People v. Douglas* (1985), 134 Ill. App. 3d 1163.

■ Defendant Branch asserts the same argument in this appeal, and although the State does not concede the point, we reach the same result in this case as in the earlier appeal. Under section 402 of the Illinois Controlled Substances Act (Ill. Rev. Stat. 1983, ch. 56½, par. 1402(a)), the simultaneous possession of more than one type of controlled substance has been held to constitute a single offense. (*People v. Manning* (1978), 71 Ill. 2d 132, 374 N.E.2d 200.) Here, although the folded paper of cocaine was in defendant's pocket while the plastic bags and pill bottle were under the seat of the car, all the controlled substances were in the automobile in some fashion, and all were within the control of defendant. This amounted to simultaneous possession as defined in *People v. Manning,* and we are, therefore, required to vacate the two lesser convictions and sentences.

■ Defendant also argues that the mandatory fine provision of section 5—9—1.1 of the Unified Code of Corrections (Ill. Rev. Stat. 1983, ch. 38, par. 1005—9—1.1) was impliedly repealed by conflicting statutory provisions in sections 10.1 and 411.1, which provide for the imposition of a discretionary fine in cases of violation of the

Cannabis Control Act and the Illinois Controlled Substances Act, respectively. In the case of discretionary fines, the court must consider several factors, including the defendant's financial ability to pay. No such factors were considered here. Rather the trial court imposed a fine of $7,800 which was equivalent to the street value of the cocaine found in defendant's possession.

While this appeal was pending, this court has ruled that the discretionary fine provisions of chapter 56½ did not repeal the mandatory fine provisions of the Unified Code of Corrections. All three sections state specifically that the fine is to be "in addition to any other penalty" imposed by law, and we held that by their terms, these statutes were not in conflict. In other words, the discretionary fine may be imposed in addition to a mandatory fine or any other penalty. (*People v. Seidel* (1985), 138 Ill. App. 3d 616, 485 N.E.2d 1330.) We hold that the mandatory fine was properly imposed in this case.

The amount of the fine ($7,800) was computed on a base figure of $100 per gram. According to the evidence, the large bag of cocaine contained 65.5 grams, the other bag contained 13.8 grams, and the folded paper packet contained .5 gram, for a total quantity of 79.8 grams. We have now vacated the conviction based upon defendant's possession of .5 gram and the conviction based upon possession with intent to deliver diazepam. However, the controlled substances involved in those convictions were not used to compute the mandatory fine of $7,800, and the 79.3 grams of cocaine involved in the conviction which we affirm is more than sufficient to justify a mandatory fine of $7,800. We need not remand for resentencing. Hence, we affirm the conviction, sentence, and fine imposed on the charge of possession with intent to deliver more than 30 grams of cocaine.

Affirmed in part and vacated in part.

STOUDER and HEIPLE, JJ., concur.