THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
STEVEN R. FRANTZ, Defendant-Appellant.

Fifth District    No. 5—85—0411

Opinion filed December 8, 1986.

Stephen R. Rice, of Rice Law Offices, of Belleville, for appellant.

John Baricevic, State's Attorney, of Belleville (Kenneth R. Boyle and Stephen E. Norris, both of State's Attorneys Appellate Service Commission, and Warren N. Loar IV, of counsel), for the People.

PRESIDING JUSTICE KARNS delivered the opinion of the court:

Defendant, Steven R. Frantz, was convicted by a jury of reckless homicide (Ill. Rev. Stat. 1983, ch. 38, par. 9—3) and driving while under the influence of intoxicating liquor (Ill. Rev. Stat. 1983, ch. 95½, par. 11—501). Defendant was sentenced to 18 months' imprisonment and ordered to pay a fine of $1,000 on the reckless-homicide conviction. Sentence was withheld on the driving-while-under-the-influence conviction. Defendant appeals both convictions.

On the morning of July 28, 1984, shortly after 12 p.m., a motorcycle collided with a pickup truck driven by defendant at the intersection of Illinois Route 4 and Darmstadt Road in St. Clair County. The driver of the motorcycle died at the scene.

State Police Master Sergeant Paul Stokes, the first law-enforcement officer at the scene, found defendant's truck sitting at an angle across the northbound lane of Route 4 and the motorcycle lying on its side in the southbound lane of Route 4. The driver of the motorcycle was lying at the southwest corner of the intersection. The motorcycle left a skid mark 58.5 feet long in the northbound lane of Route 4, 2 to 3 feet from the center line. The truck left no marks. The motorcycle was demolished, and the truck was extensively damaged on the left front and side. With the aid of an accident reconstructionist, it was determined the motorcycle, heading south, struck the truck's left front tire and fender in the southbound lane of Route 4 as the truck was making a left turn into northbound Route 4 from Darmstadt Road. The motorcycle then swung to the right, hitting the left side of the truck while throwing the driver.

Master Sergeant Stokes testified that shortly after arriving at the scene, he walked over to speak to defendant. He noticed that defendant's eyes were bloodshot, his breath smelled of alcohol, and his speech was slurred. According to Stokes, defendant first told him he did not want to talk about the accident. Defendant later stated he did not see the motorcycle coming. Stokes also testified that when a second trooper approached defendant, defendant tried to grab the flashlight from the officer's hands. Stokes then placed defendant under arrest for driving while under the influence of intoxicating liquor. The

second officer transported him to the St. Clair County jail for processing.

At the jail, defendant consented to take a breath analysis or intoxilyzer test. The reading was 0.21%. Defendant then attempted to take four performance tests. The second officer testified defendant did not perform any of the tests as instructed and, upon completing the fourth test of picking up coins off of the floor, threw the coins. When informed that the driver of the motorcycle had been fatally injured, defendant allegedly replied, "I don't give a f--k." He later stated the motorcycle was in his lane of traffic.

Defendant testified that during the evening preceding the accident, he was "helping out" some friends at a 24-team softball tournament. One of his jobs was tending the beer stand. Because there were over 250 people at the games, the beer stand was very crowded. Defendant was constantly getting beer on his hands and clothes. Defendant admitted he drank about three or four 10-ounce cups of beer while tending the stand from 7 to 10:30 p.m., but was still sober when he left the games. Defendant then drove to a tavern some 20 to 25 minutes away to talk to the owner. While talking to the owner, defendant consumed two 12-ounce bottles of beer. After about an hour, defendant left to go home. Defendant still considered himself to be sober and in full control of his faculties.

At the intersection of Route 4 and Darmstadt Road, defendant stopped at the stop sign on Darmstadt Road before entering Route 4. The sign was approximately 40 feet from the edge of Route 4. Cornfields on both sides prevented defendant from seeing far down the road. He, therefore, edged up to Route 4 and looked down the road. He saw car headlights approximately a mile away to his left. As he pulled out into the intersection, he heard and felt the crash. He thought he was over the center line when his truck was hit. He got out of the truck and ran over to the motorcyclist. He tried to comfort him and keep those people arriving at the scene from moving him until the ambulance came. Defendant recalled a second officer coming up to him and shining a flashlight in his eyes which he tried to push away.

Defendant's wife testified defendant has high blood pressure. When he gets upset or emotional, his face turns red and his eyes get puffy. He also starts stuttering and saying things backwards. She also testified he has a "lazy eye" condition in his right eye and is a chronic nail biter.

Defendant argues in his first point on appeal that his conviction for driving under the influence of intoxicating liquor cannot stand be-

cause of insufficient evidence. The State counters that only defendant's conviction for reckless homicide is properly before this court because defendant was never sentenced on his conviction for driving under the influence. The State reasons a judgment in a criminal case is not final until sentence has been pronounced (see *People v. Allen* (1978), 71 Ill. 2d 378, 381, 375 N.E.2d 1283, 1284; *People v. Dean* (1978), 61 Ill. App. 3d 612, 618, 378 N.E.2d 248, 253) and appeals can only be taken from a final judgment (see 103 Ill. 2d R.606(b)). The State concludes this cause, therefore, should be remanded in part to the circuit court of St. Clair County with instructions to enter sentence on defendant's conviction for driving under the influence. See *People v. Dean* (1978), 61 Ill. App. 3d 612, 619-20, 378 N.E.2d 248, 253-54.

● 1, 2 A judgment of guilty in a criminal case becomes final when sentence is imposed. (*People v. Dean* (1978), 61 Ill. App. 3d 612, 618, 378 N.E.2d 248, 253.) And, until a sentence is imposed, the judgment cannot be appealed. (See *People ex rel. Filkin v. Flessner* (1971), 48 Ill. 2d 54, 56, 268 N.E.2d 376, 377.) There exists, however, an exception to this rule. When a case is properly on appeal from a final judgment on another offense, the reviewing court may also review the appealed conviction of an offense for which no sentence was imposed. (*E.g., People v. Dixon* (1984), 122 Ill. App. 3d 141, 148, 460 N.E.2d 858, 862.) If the reviewing court acts to affirm the incomplete judgment of conviction, the reviewing court then must remand the cause for imposition of sentence. *People v. Dean* (1978), 61 Ill. App. 3d 612, 619-20, 378 N.E.2d 248, 254.

Defendant appeals both convictions, one of which is a final appealable judgment. We, therefore, may consider defendant's contentions even though the State argues the appeal is not properly before us. See *People v. Zuniga* (1981), 99 Ill. App. 3d 396, 400, 425 N.E.2d 1094, 1097-98.

Defendant claims there was insufficient evidence to support the guilty verdict rendered by the jury on the offense of driving under the influence of alcohol. Specifically, defendant argues the results of the breathalyzer test were invalid because no attempt was made to show compliance with the requirements of section 11.501.2 of the Illinois Vehicle Code (Ill. Rev. Stat. 1983, ch. 95½, par. 11—501.2) and because no attempt was made to put the ".21%" reading into any meaningful context. Defendant believes this lack of foundation for the breathalyzer test and lack of testimony relating the blood-alcohol reading to the effect of alcohol on a driver "renders the intoxilyzer evidence of no probative value" and constitutes a "material failure of

proof." Defendant further argues the testimony of those officers who observed defendant after the accident, as well as his own admission of drinking alcohol that evening, cannot support a conviction for driving under the influence given his and his wife's explanations for his behavior and reactions that night.

Defendant has waived the issue of the admissibility of the results of the breathalyzer test. Defendant made no objection at trial. The failure to object at trial to the introduction of evidence is a waiver of that objection. (*People v. Baynes* (1981), 88 Ill. 2d 225, 230-31, 430 N.E.2d 1070, 1072; *People v. Carlson* (1980), 79 Ill. 2d 564, 576, 404 N.E.2d 233, 238.) We cannot allow defendant to profit through his own failure to act, whether that act be intentional or inadvertent, by considering his contention on appeal in the absence of any error substantially affecting his rights when that error could have been corrected or properly handled at trial. (See 79 Ill. 2d 564, 577, 404 N.E.2d 233, 239.) We also note that even without considering the breathalyzer test, the testimony of the three officers who observed defendant both at the accident scene and at the St. Clair County jail was sufficient to sustain defendant's conviction for driving under the influence of intoxicating liquor. See *People v. Fowler* (1981), 98 Ill. App. 3d 202, 204, 423 N.E.2d 1356, 1357; *People v. Winfield* (1975), 30 Ill. App. 3d 668, 671, 332 N.E.2d 634, 637.

Defendant also argues there was insufficient evidence to support his conviction for reckless homicide. We disagree.

A person commits the offense of reckless homicide when that person driving a motor vehicle does an act or acts which caused the death of another person, were likely to cause death or great bodily harm to another person, and were performed recklessly. (Ill. Rev. Stat. 1983, ch. 38, par. 9—3(a).) Recklessness is a conscious disregard of " 'a substantial and unjustifiable risk that circumstances exist or that a result will follow, ***, and such disregard constitutes a gross deviation from the standard of care which a reasonable person would exercise in the situation ***.' " (*People v. Davis* (1982), 105 Ill. App. 3d 129, 133, 434 N.E.2d 13, 16, quoting Ill. Rev. Stat. 1979, ch. 38, par. 4—6.) Evidence of a driver's intoxication is probative on the issue of recklessness. (105 Ill. App. 3d 129, 133, 434 N.E.2d 13, 16.) If the driver is under the influence of intoxicating liquors and the evidence reveals his driving violation caused the death of another individual, the violation is reckless within the meaning of the statute. 105 Ill. App. 3d 129, 133, 434 N.E.2d 13, 16.

The evidence of defendant's intoxication was more than sufficient to support his conviction. The testing requirements of section

11—501.2 of the Illinois Vehicle Code (Ill. Rev. Stat. 1983, ch. 95½, par. 11—501.2) do not apply to prosecutions for reckless homicide. (*People v. Murphy* (1985), 108 Ill. 2d 228, 232, 483 N.E.2d 1288, 1289; *People v. Hartwick* (1984), 128 Ill. App. 3d 272, 275, 470 N.E.2d 606, 608.) Consequently, only the reliability of the test results in accordance with common law principles applicable to scientific evidence in general is at issue. (See *People v. Murphy* (1985), 108 Ill. 2d 228, 234, 236, 483 N.E.2d 1288, 1290, 1291; *People v. Hartwick* (1984), 128 Ill. App. 3d 272, 275, 470 N.E.2d 606, 609.) The evidence in the record reveals the reliability of the breathalyzer test results in this instance. The test was given within two hours of the accident. The machine was functioning properly and its readings were accurate. And, the officer administering the test was properly qualified. Moreover, defendant has not made any claim or offered any evidence that the test was not properly conducted. (See *People v. Casper* (1981), 97 Ill. App. 3d 787, 789, 423 N.E.2d 510, 512.) We find no error in allowing into evidence the results of defendant's breathalyzer test with respect to the reckless-homicide prosecution.

In addition, there was also ample evidence on the record through the three officers' testimony and defendant's own admission to support the reckless-homicide conviction. (See *People v. Davis* (1982), 105 Ill. App. 3d 129, 132-33, 434 N.E.2d 13, 16.) Defendant posited other explanations for his behavior and appearance on that night, but such conflicts in the evidence are for the jury to resolve. See 105 Ill. App. 3d 129, 134, 434 N.E.2d 13, 17; *People v. Winfield* (1975), 30 Ill. App. 3d 668, 672, 332 N.E.2d 634, 638.

The victim died as a result of injuries he received when his motorcycle collided with defendant's pickup truck. Defendant, under the influence of intoxicating liquor, drove his truck into the path of the motorcycle. The victim had not been drinking, and the accident occurred in his lane of traffic. Defendant's driving violation clearly caused the victim's death amounting to reckless homicide.

■■■■ Defendant argues in his third point on appeal that the trial court erred in allowing the accident-reconstruction expert to testify to the time and distance the victim traveled from his point of departure to the time and place of the accident. The expert gathered this information in part from the victim's girlfriend, the last witness to see the victim alive. Defendant contends this testimony was neither relevant nor material and, therefore, its admission into evidence was prejudicial.

Relevant evidence is that evidence which has any tendency to make the existence of any fact that is of consequence to the determi-

nation of the action more probable or less probable than it would be without that evidence. (*People v. Free* (1983), 94 Ill. 2d 378, 413, 447 N.E.2d 218, 235, *cert. denied* (1983), 464 U.S. 865, 78 L. Ed. 2d 175, 104 S. Ct. 200.) The testimony pertaining to the victim's departure time and distance traveled falls into this category. This evidence tended to prove the victim's driving did not contribute to the victim's death, making it more probable that defendant's driving violation caused the victim's death. As such, the expert's testimony was both relevant and admissible. More importantly, even if the admission of this testimony was error, it was harmless error. The expert's opinion as to the speed of the motorcycle at the time of the collision was also based on the length of the skid marks and the nature and severity of the damage to the vehicles. The challenged testimony merely was cumulative of other properly admitted evidence, and therefore its admission, if error, was harmless. (*Cf. People v. Wilkerson* (1981), 87 Ill. 2d 151, 157-58, 429 N.E.2d 526, 528-29.) A trial need only be devoid of prejudicial error. *People v. Warmack* (1980), 83 Ill. 2d 112, 129, 413 N.E.2d 1254, 1262.

Defendant's objection to the testimony concerning the route driven by the victim on the ground of hearsay was not raised at trial and will not now be considered on appeal. See *People v. Goree* (1983), 115 Ill. App. 3d 157, 160, 450 N.E.2d 342, 344.

Defendant's final argument is that the trial court abused its discretion in refusing to declare a mistrial after certain remarks were made by a venireman before the venire in its entirety.

During the course of *voir dire*, one venireman repeatedly indicated that he could not be fair and impartial because of his past employment as a police officer and because of his association with the testifying officers and defense counsel. When the venire was asked if there was anyone who would tend to believe a police officer's testimony over and above that of an ordinary individual just because he is a police officer, this same venireman replied: "Having worked with the guys here and knowing what they have to go through to get a case through the State's Attorney's Office, I would have to go along with them." No other member of the venire responded, and the court continued with its examination. At the conclusion of *voir dire*, defendant moved for a mistrial. The trial court denied the motion, stating that it had the opportunity to observe the reaction of the other veniremen and "if by his conduct or statements [he] has prejudiced the other jurors against anybody *** it prejudiced them against him."

We see no abuse of discretion in this instance. The trial court's *voir dire* was thorough and complete. No other venireman indicated

any actual bias or partiality against defendant in favor of the officers. The existence of any prejudice arising from the venireman's comments is entirely speculative. (See *People v. Newbury* (1972), 53 Ill. 2d 228, 241, 290 N.E.2d 592, 599. See also *People v. Hyche* (1979), 77 Ill. 2d 229, 396 N.E.2d 6.) Defendant was not denied his right to a trial before a fair and impartial jury, and we see no reason to reverse the trial court's decision.

For the aforementioned reasons, we affirm the judgment of the circuit court of St. Clair County convicting defendant of reckless homicide and driving under the influence of intoxicating liquor. We further remand defendant's conviction for driving under the influence of intoxicating liquor for the imposition of sentence.

Affirmed and remanded.

KASSERMAN and WELCH, JJ., concur.