THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
BRYANT S. RENTSCH, Defendant-Appellant.

Second District   No. 2—87—0091

Opinion filed March 16, 1988.

Michael C. Goode, of Lincolnwood, for appellant.

Fred L. Foreman, State's Attorney, of Waukegan, and Barbara J. Slingerland, of Springfield (William L. Browers, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.·

JUSTICE UNVERZAGT delivered the opinion of the court:

The defendant, Bryant S. Rentsch, appeals from his conviction by a jury in the circuit court of Lake County of the unlawful possession of less than 30 grams of a controlled substance (cocaine). (Ill. Rev. Stat. 1985, ch. 56½, par. 1402(b).) He contends (1) he was not proved guilty beyond a reasonable doubt; (2) the indictment was defective; (3) evidence of his past criminal record should have been excluded; and (4) the jury was improperly instructed. We affirm.

The defendant was arrested following a raid conducted on August 23, 1986, at the Lake County Work Release Facility in Waukegan, Illinois, where he was an inmate. Undercover operation reports of drug trafficking at the facility prompted the raid; the defendant was not implicated in those reports.

The raid by the Lake County sheriff's department occurred between the hours of 10:15 p.m. and 2 a.m. The defendant, who had been reading in the library area of the facility, was assembled along with all other inmates in the dayroom. The inmates were guarded, not permitted to talk, and were required to sit with their hands placed on top of their heads.

The rooms of all inmates were searched. The defendant's 8- by 10-foot room, which was shared with one other inmate, consisted of two beds, numbered 29 and 30, two lockers, two tables and two chairs. A curtain served as a door to the room. A small packet containing a white powdery substance was discovered in a corner of the one-inch-wide lip under the defendant's table. It was stipulated at trial that the substance was .14 of a gram of cocaine.

While the room search was being conducted, inmates were being strip-searched in the three-cubicle washroom adjacent to the dayroom. As some papers which had been removed from the defendant's wallet were being examined, a folded piece of paper fell to the floor. According to the deputies who searched the defendant, upon seeing the packet fall to the floor, the defendant denied knowledge of the packet stating, in effect, that it was not his and he did not know how it got there. The packet contained a small quantity of a white powdery substance which was stipulated at trial to be .22 of a gram of cocaine. The defendant was arrested.

The defendant first contends he was not proved guilty beyond a reasonable doubt because the State's evidence failed to prove his control of the room where the .14-gram packet of cocaine was found. He does not challenge the sufficiency of the State's proof regarding his actual possession of the second packet containing .22 of a gram of cocaine. He asserts his constructive possession of the packet found in the room was not proved where access to his room and the table in question was unrestricted, he allowed none of his personal belongings to remain in the room, and his personal use of that area was limited to the use of his assigned sleeping cot.

■ In order to sustain a conviction for possession of a controlled substance, the State must prove that the accused knew of the presence of the substance and that the substance was in the immediate and exclusive control of the accused. (*People v. Valentin* (1985), 135 Ill. App. 3d 22.) Possession may be actual or constructive. (*People v. Jones* (1982), 105 Ill. App. 3d 1143.) Constructive possession " 'is that which exists without actual personal present dominion over a chattel, but with an intent and capability to maintain control and dominion.' (*People v. Fox* (1962), 24 Ill. 2d 581, 585, 182 N.E. 2d 692.)" (*Valen-*

*tin,* 135 Ill. App. 3d at 31; see also *People v. Roundtree* (1985), 135 Ill. App. 3d 1075, 1080.) Controlled substances found on premises under the control of a defendant give rise to an inference of knowledge and possession by him which alone may be sufficient to sustain a conviction for unlawful possession of controlled substances. (*People v. Scott* (1987), 152 Ill. App. 3d 868.) Mere access by other persons to the area where drugs are found is insufficient to defeat a charge of constructive possession. *Scott,* 152 Ill. App. 3d at 871; *People v. Ortiz* (1980), 91 Ill. App. 3d 466.

■■ The State correctly points out that the defendant has misrepresented in his argument the evidence presented at trial. Access to the inmates' rooms was not "unrestricted"; defendant testified they were not allowed to walk into other people's rooms. Although inmates sometimes did go into others' rooms, defendant testified, "If you didn't want to get caught, you didn't go in there." Further, defendant, who had been assigned to the room since March 1986, did keep personal items in the room. He testified he kept clothes, shoes, jackets, a few books and toiletry articles in the room. Lastly, defendant not only slept in the room, he admitted he had had occasion to sit at the table where the packet of cocaine was found.

Possession and knowledge are questions of fact to be resolved by the jury (*People v. Valentin* (1985), 135 Ill. App. 3d 22), and a criminal conviction will not be set aside unless the evidence is so improbable or unsatisfactory that it creates a reasonable doubt of the defendant's guilt. (*People v. House* (1986), 141 Ill. App. 3d 298; *People v. Birge* (1985), 137 Ill. App. 3d 781.) In reviewing the sufficiency of the evidence to sustain a conviction, the relevant inquiry is whether, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the elements of the crime beyond a reasonable doubt. (*People v. Williams* (1987), 118 Ill. 2d 407.) We conclude without reservation that from the evidence presented at trial the jury could have found beyond a reasonable doubt that the defendant unlawfully possessed less than 30 grams of a controlled substance containing cocaine.

■■ ■ Defendant next contends the indictment as charged was unconstitutionally vague and duplicitous. He argues that two separate crimes were merged into a single-count indictment which was so lacking in facts and details that he was unable to determine the requirements of his defense; that is, he did not know whether he should prepare his defense in answer to the indictment involving the packet of cocaine discovered in the washroom or the packet of cocaine found in his room or both.

It was stated in *People v. Ross* (1961), 21 Ill. 2d 419, 420-21:

"Duplicity is the joinder of two or more distinct offenses in the same count of an indictment. [Citations.] It arises from charging more than one offense, and not from charging a single offense in more than one way, or pleading different acts contributing to the ultimate charged offense, and averments, however multifarious, will not constitute duplicity when all matters taken together constitute one connected charge. [Citations.]"

The indictment here charged:

"[T]hat one BRYANT S. RENSCH [*sic*] on or about August 23, 1986, in the County of Lake and State of Illinois aforesaid, committed the offense of UNLAWFUL POSSESSION OF CONTROLLED SUBSTANCE, in that said defendant knowingly and unlawfully had in his possession less than 30 grams of a substance containing a controlled substance, cocaine, other than as authorized in the Controlled Substances Act, in violation of Section 1402(b) of Chapter 56½ of the Illinois Revised Statutes."

In order for an indictment to be constitutionally sufficient, it must allow the defendant adequately to prepare his defense, and it must allow the verdict to act as a bar to a second trial on the same offense. (*People v. Baugh* (1986), 145 Ill. App. 3d 133, 137.) Defendant's post-trial motion raising the issue of the defective indictment is construed as a motion in arrest of judgment. (*People v. Ellison* (1984), 123 Ill. App. 3d 615.) In order to withstand a pretrial motion or a motion in arrest of judgment, a charging instrument must be in substantial compliance with section 111—3 of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1985, ch. 38, par. 111—3). (*People v. Mehelic* (1987), 152 Ill. App. 3d 843, 848.) That is, the charge must state the name of the offense ("UNLAWFUL POSSESSION OF A CONTROLLED SUBSTANCE"), the statutory provision alleged to have been violated ("Section 1402(b) of chapter 56½ of the Illinois Revised Statutes"), the nature and elements of the offense charged ("knowingly and unlawfully had in his possession less than 30 grams of a substance containing a controlled substance, cocaine"), the date and county of the offense ("on or about August 23, 1986, in the County of Lake), and *the name of the accused* ("BRYANT S. RENSCH [*sic*]"). It is clear the indictment was sufficient, and that the more particular averments desired by the defendant as to whether the offense charged here consisted of one or more acts could properly have been sought by way of a bill of particulars. (Ill. Rev. Stat. 1985, ch. 38, par. 111—6; *People v. Mehelic* (1987), 152 Ill. App. 3d 843, 849.) "The office of a bill of par-

ticulars is to provide more specificity of detail to supplement a sufficient indictment so as to enable an accused better to understand the nature of the charge against him or better to prepare his defense." *People v. Patrick* (1967), 38 Ill. 2d 255, 260.

Prior to trial, the defendant was granted leave to file a motion for a bill of particulars which, *inter alia*, sought disclosure as to the offense charged of the exact date, time, place, acts and persons present. In response to this, the State provided the defendant with 149 pages of written reports and statements from persons shown on its list of witnesses and later supplemented that disclosure with pages 1 to 5 of the grand jury minutes of September 3, 1986, the date the indictment was returned. Prior to trial, the defendant moved to exclude any mention of the matter of the cocaine which was found on the lip of the table in his room because he did not believe his constructive possession of same could be shown. Thus, he argued, it would amount to informing the jury of an uncharged crime.

It appears from the foregoing that the defendant was fully apprised that he should be prepared to defend as to his possession of both packets. As the State notes, the simultaneous possession of more than one type of controlled substance has been found to constitute a single offense for which one sentence should be imposed. (*People v. Manning* (1978), 71 Ill. 2d 132.) Here, the defendant simultaneously—albeit both constructively and actually—possessed two packets of one type of controlled substance, neither of which packets singly or in combination with the other exceeded 30 grams. Thus, all matters included in the indictment, taken together, constituted one connected charge: the possession of less than 30 grams of a controlled substance. *Cf. People v. Branch* (1986), 143 Ill. App. 3d 679 (where the defendant was found to be in simultaneous possession of the cocaine found in his pocket and the cocaine and diazepam found in a paper bag under the passenger seat of the car driven by him); *People v. Knight* (1985), 133 Ill. App. 3d 248 (where the defendant was found to be in simultaneous possession of cocaine found in his front pocket and of PCP found in the backroom of the record shop leased and operated by him).

We conclude the indictment of the defendant was not duplicitous.

■ The defendant next contends evidence of his prior criminal history should have been excluded under *People v. Montgomery* (1971), 47 Ill. 2d 510. He argues the State's sole purpose in bringing to the jury's attention that his theft conviction was comprised of five counts was to prejudice the jury against him. Insofar as we can discern from the record, all five thefts (one felony and four misdemean-

ors for the theft of three radios, a CB and a compression gauge) occurred on the same date but involved thefts from different automobiles. The defendant pleaded guilty to all five of those counts.

Under *Montgomery*, prior convictions occurring less than 10 years before which involved dishonesty or false statement or which were punishable by death or imprisonment in excess of one year may be used to impeach a witness unless the court, in its sound discretion, determines that the probative value of admitting the evidence is substantially outweighed by the danger of unfair prejudice. (*Montgomery*, 47 Ill. 2d at 516.) It has been held that misdemeanor theft convictions may be used for impeachment purposes (*People v. Spates* (1979), 77 Ill. 2d 193, 201-04; *People v. Walker* (1987), 157 Ill. App. 3d 133, 136), and in *People v. McKibbins* (1983), 96 Ill. 2d 176, 187-89, the supreme court found no abuse of the court's discretion in admitting evidence of 20 of defendant's prior misdemeanor theft convictions which spanned the entire 10-year time period limit. The court considered that the defendant's conduct demonstrated a consistent pattern of dishonesty and that the probative value of such evidence as it related to the defendant's credibility was extremely convincing and far outweighed any prejudicial impact that the evidence would have.

■ Here, the defendant flatly denied the two packets of cocaine found were his, leaving the jury to conclude in the alternative that the cocaine was planted either by the sheriff's deputies in an effort to frame him or belonged to another inmate. Defendant's credibility in general and *vis-a-vis* that of the testifying officers was thusly placed in sharp contention. We find no abuse of the court's discretion in its decision to allow evidence of defendant's five theft convictions to be presented to the jury to assist it in resolving the credibility of the defendant. We find this particularly to be true where the court expressed its concern that the jury also be informed that the thefts all occurred on the same date, and the jury in fact was so apprised.

■ The defendant's final contention is that People's instructions Nos. 11 and 13 tendered to the jury were improper and prejudicial. People's instruction No. 11 defining actual, constructive and joint possession was a verbatim rendition of both paragraphs of the Illinois Pattern Jury Instruction defining same. (Illinois Pattern Jury Instructions, Criminal, No. 4.16 (2d ed. 1981) (hereinafter IPI Criminal 2d).) People's instruction No. 13 defining the issues in a possession of controlled substance case was a verbatim rendition of the second alternative proposition of Illinois Pattern Jury Instruction No. 17.13 (IPI Criminal 2d No. 17.13 (1981)), which is to be given when the defendant, as here, is charged with violating subsection (b) of section 1402 of

the Illinois Controlled Substances Act. Ill. Rev. Stat. 1985, ch. 56½, par. 1402(b).

Although the defendant did not specify these two instructions as error in his written post-trial motion nor did he argue them specifically at the post-trial motion hearing, these were two of the three instructions to which he objected at trial, and it appears the court was aware of the basis for the defendant's objections. However, the defendant fails to cite any authority here in support of his contention the instructions were erroneously given to the jury. This is a violation of Supreme Court Rule 341 (107 Ill. 2d R. 341(e)(7)), and contentions unsupported by pertinent authority are deemed waived. (*In re Marriage of Anderson* (1985), 130 Ill. App. 3d 684; *Kavanaugh v. Estate of Dobrowolski* (1980), 86 Ill. App. 3d 33.) Moreover, no plain error is evident where, as the State points out, IPI Criminal 2d No. 4.16 accurately stated the law regarding the definition of possession (see *People v. Scott* (1987), 152 Ill. App. 3d 868, 870-71), and where the amount of the controlled substance possessed was not an essential element of the offense because the defendant was charged with the possession of an amount of cocaine which was less than 30 grams. (Ill. Rev. Stat. 1985, ch. 56½, par. 1402(b); *cf. People v. Kadlec* (1974), 21 Ill. App. 3d 289 (when a defendant is charged with violating the highest grade or degree of an offense [that is, for example, subsection (a) of section 1402, a Class 1 felony, as opposed to subsection (b), a Class 4 felony], the quantity of the substance containing the controlled substance is an essential element of the offense and is an issue to be decided by the jury under proper instructions); accord *People v. Clutts* (1976), 43 Ill. App. 3d 366.) We conclude the jury was properly instructed.

The judgment of the circuit court of Lake County is affirmed.

Judgment affirmed.

LINDBERG, P.J., and WOODWARD, J., concur.