THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
JAMES D. LOVE *et al.*, Defendants-Appellants.

First District (2nd Division)   Nos. 1—89—1815, 1—89—1920 cons.

Opinion filed November 19, 1991.

Randolph N. Stone, Public Defender, of Chicago (Cheryl K. Lipton and Karen E. Tietz, Assistant Public Defenders, of counsel), for appellants.

Jack O'Malley, State's Attorney, of Chicago (Renee Goldfarb, Kathleen F. Howlett, and Laura L. Morrison, Assistant State's Attorneys, of counsel), for the People.

JUSTICE HARTMAN delivered the opinion of the court:

Defendants, James D. Love and Percy Jenkins, were each convicted by a jury of two counts of possession of a controlled substance with intent to deliver. (Ill. Rev. Stat. 1987, ch. 56½, par. 1401.) They appeal, arguing that (1) they were denied a fair trial due to alleged errors in jury selection; (2) the "one-act-one-crime" rule requires vacature of their lesser convictions and sentences; and (3) the cumulative effect of alleged trial errors denied them a fair trial. We affirm in part, and vacate defendants' lesser convictions and sentences, for reasons which follow.

Defendants were arrested with Doris Atkins (Doris) and Ivory Atkins (Ivory) on September 29, 1988, in connection with a narcotics investigation. Ivory obtained a severance; defendants and Doris were tried together.

The four officers involved in the investigation, David Lemieux, Rendella Taylor, Quadir Dawan, and Daniel Willis, all testified about the events leading to defendants' arrests. Lemieux, Taylor, and Dawan entered an apartment building at 1027-29 E. 62nd Street, and Willis went around to the rear entrance. Lemieux and Dawan stationed themselves in the stairwells adjacent to the second floor, and Taylor knocked on the front door of the apartment in question. Someone inside said "what do you want," and Taylor responded "give me a bag of caine." Doris opened the door and Taylor gave her a premarked $10 bill. Doris handed Taylor a small bag of cocaine, and Taylor signalled her fellow officers. The three officers ran into the apartment. Lemieux saw defendants and Ivory seated at a round glass table, on which was a large bag of cocaine, 387 small bags of cocaine, and a quantity of phencyclidine (PCP). Lemieux also saw drug paraphernalia on the table, including a scale, sifter, grinder, small spoon, small empty packages, a sealing machine, and a bottle of manitol, which is used to extend the volume of cocaine. The apartment smelled of PCP. In a bedroom closet, Lemieux found empty plastic bags and another sealing machine; he also discovered five sifters and three measuring spoons, all of which were covered with white powder. Taylor searched Doris and found $840 in cash on her person, including the premarked $10 bill. None of the officers saw either defendant handle the recovered items, nor was any evidence found in their actual possession.

The recovered narcotics consisted of 11.23 grams of PCP and 101.01 grams of cocaine.

Both defendants rested without offering any evidence. Doris testified and denied involvement in a drug transaction. She claimed that the recovered narcotics were from a suitcase which was found in her son Ivory's bedroom closet.

The jury found both defendants guilty of the two counts of possession of narcotics with intent to deliver. (Ill. Rev. Stat. 1987, ch. 56½, par. 1401.) Jenkins was sentenced to concurrent terms of 16 and 12 years in custody of the Department of Corrections, and Love was sentenced to concurrent terms of 12 and 10 years in custody of that same institution.

## I

Defendants first claim that they were denied a fair and impartial jury due to the remarks of a prospective juror. During *voir dire*, one panel member, who was identified as a Chicago police sergeant, stated

that he "couldn't be fair and impartial in any trial." When the judge sought the basis of that statement, the panel member replied:

> "Do you want me to answer that? All right. When the trial reaches the stage of prosecution I believe that 99 of a hundred percent—."

Defense counsel immediately objected. The circuit court excused the prospective juror for cause but refused to strike the entire panel.

■ This case is similar to *People v. Frantz* (1986), 150 Ill. App. 3d 296, 501 N.E.2d 966, in which a venireperson said that he could not be fair and impartial due to his prior employment as a police officer and his association with testifying officers and defense counsel. When asked if he would favor an officer's testimony, the panel member responded:

> "Having worked with the guys here and knowing what they have to go through to get a case through the State's Attorney's Office, I would have to go along with them." (*Frantz*, 150 Ill. App. 3d at 303.)

It was held that that response did not taint the panel; the circuit court's thorough *voir dire* and the speculative nature of any prejudice did not require reversal of the lower court's refusal to strike the entire panel. *Frantz*, 150 Ill. App. 3d at 303-04.

Similarly, there is no abuse of discretion in this case. The purpose of *voir dire* is to select a fair and impartial jury. (*People v. Teague* (1982), 108 Ill. App. 3d 891, 894, 439 N.E.2d 1066.) The circuit court's examination of potential jurors was thorough, and no other venireperson indicated any prejudice due to the officer's statement. The court asked panel members both before and after the contested remark whether a policeman's testimony would affect their ability to be fair and impartial, and each person responded negatively. Defendants' contention that the entire panel was tainted is purely speculative. See *People v. Newbury* (1972), 53 Ill. 2d 228, 241, 290 N.E.2d 592.

Defendants also contend that they were denied a fair trial based on the State's use of information in a prospective juror's rap sheet. In response to the State's question about his criminal history, one prospective juror stated that he was on probation for eluding a police officer and had committed several "moving violations," including driving without a license. He indicated that he served time for a "couple weeks" as a result of his violation of probation. Later, the State sought to strike this venireperson for cause because his rap sheet showed that he had been convicted of attempted auto theft. The court excused him for cause based upon his untruthfulness in responding to the court's inquiry.

■ Defendants have waived this issue for failure to include it in their post-trial motions. (*People v. Enoch* (1988), 122 Ill. 2d 176, 186, 522 N.E.2d 1124.) Were we to consider their arguments, however, they would fail on their merits.

In *People v. Franklin* (1990), 135 Ill. 2d 78, 95, 552 N.E.2d 743, our supreme court held that the State's failure to tender police records of venirepersons did not deny defendant his right to an impartial jury. In fact, the court noted that the use of rap sheets helps to ensure that both defendant and the State receive a trial by a fair and impartial jury, in that those who demonstrate a lack of truthfulness and veracity will not be selected for service. *Franklin*, 135 Ill. 2d at 95-96.

In this case, the circuit court did not abuse its discretion in concluding that the panel member's lack of veracity was cause sufficient to excuse him from the jury.

## II

Defendants argue that their lesser convictions and sentences must be vacated under the "one-act-one-crime" rule.

A defendant may not be convicted of multiple offenses which arise from a single act or course of conduct; multiple convictions and concurrent sentences, however, are permitted where a defendant has committed several acts, despite the interrelationship of those acts. (*People v. King* (1977), 66 Ill. 2d 551, 565-66, 363 N.E.2d 838.) In *People v. Manning* (1978), 71 Ill. 2d 132, 374 N.E.2d 200, the court considered defendant's conviction of two counts of possession of a controlled substance. (Ill. Rev. Stat. 1973, ch. 56½, par. 1402(a).) There, when arrested, defendant was found to be in possession of both amphetamines and barbiturates. The court held that "the simultaneous possession of more than one type of controlled substance, under the circumstances shown on this record, constituted a single offense, and only one sentence should have been imposed." (*Manning*, 71 Ill. 2d at 137.) This court has reiterated that same holding in cases where defendant is found with more than one type of controlled substance. See *People v. Vazquez* (1990), 194 Ill. App. 3d 516, 520, 551 N.E.2d 656, *appeal denied* (1990), 132 Ill. 2d 553; *People v. Branch* (1986), 143 Ill. App. 3d 679, 681, 493 N.E.2d 417; *People v. Whitfield* (1986), 140 Ill. App. 3d 433, 442, 488 N.E.2d 1087; *People v. Knight* (1985), 133 Ill. App. 3d 248, 257, 478 N.E.2d 1082, *appeal denied* (1985), 108 Ill. 2d 580; *People v. Hunter* (1984), 124 Ill. App. 3d 516, 549, 464 N.E.2d 659, *appeal denied* (1985), 106 Ill. 2d 557; *People v. Tonaldi*

(1981), 98 Ill. App. 3d 528, 533, 424 N.E.2d 1200, *appeal denied* (1981), 85 Ill. 2d 581.

In *People v. Segara* (1988), 126 Ill. 2d 70, 533 N.E.2d 802, which is cited by the State, the supreme court slightly relaxed the "one-act-one-crime" rule. In that case, defendant forcibly entered the victim's apartment, severely beat her, and committed vaginal and oral intercourse. The court held that conviction was proper for each act of criminal sexual assault because each rape was " 'readily divisible and intensely personal; each offense is an offense against *a person*.' " (Emphasis in original.) (*Segara*, 126 Ill. 2d at 77, quoting *Pruitt v. State* (1978), 269 Ind. 559, 565, 382 N.E.2d 150, 154.) The court stressed that rape is unlike other offenses in that the victim's psychological constitution and most intimate part of her being are violently invaded. *Segara*, 126 Ill. 2d at 78.

The State also relies upon *People v. Morrison* (1988), 178 Ill. App. 3d 76, 532 N.E.2d 1077, *appeal denied* (1989), 126 Ill. 2d 564, in which defendant was convicted of possession of both cocaine and cannabis, but sentenced only on the more serious conviction of possession of cocaine. The appellate court held that under *King*, a concurrent sentence for his cannabis conviction would be proper. The court, relying upon *Segara*, further held that the case involved "two distinct physical acts stemming from the same 'episode[ ]' [because] [p]ossession of cannabis and possession of cocaine necessarily involve separate physical acts." (*Morrison*, 178 Ill. App. 3d at 96.) The cause, therefore, was remanded for sentencing on defendant's cannabis conviction.

The Fourth District Appellate Court in *Morrison*, however, neither distinguished nor mentioned *Manning*, which is directly on point. Further, possession of cannabis (see Ill. Rev. Stat. 1987, ch. 56½, par. 701 *et seq.* (Cannabis Control Act)) and possession of cocaine (see Ill. Rev. Stat. 1987, ch. 56½, par. 1100 *et seq.* (Illinois Controlled Substances Act)) have been held to constitute separate offenses because they are based on separate statutes. (See *People v. Tovar* (1988), 169 Ill. App. 3d 986, 995-96, 523 N.E.2d 1178.) *Morrison*, therefore, is distinguishable on that basis. Also, the "one-act-one-crime" rule need not be relaxed as it was in *Segara*; multiple possession of narcotics, unlike multiple rape, is not so intensely personal as to require separate convictions and sentences.

■ Here, defendants were convicted of possession with intent to deliver more than 100 but less than 400 grams of cocaine (Ill. Rev. Stat., 1988 Supp., ch. 56½, pars. 1401(a)(2), 1401.2(1)), and possession with intent to deliver more than 10 but less than 30 grams of PCP

(Ill. Rev. Stat. 1987, ch. 56½, par. 1401(b)(10)). Based on *Manning* and its progeny, defendants' convictions and sentences for possession with intent to deliver PCP must be vacated.

### III

Defendants argue that they were denied a fair trial due to the cumulative effect of three trial errors. First, they assert that the circuit court erred in giving an Illinois Pattern Jury Instruction which defined constructive and joint possession (Illinois Pattern Jury Instructions, Criminal, No. 4.16 (2d ed. 1981) (hereinafter IPI Criminal 2d No. 4.16)) because it confused the jury. That instruction states:

> "Possession may be actual or constructive. A person has actual possession when he or she has immediate and exclusive control over a thing. A person has constructive possession when he or she lacks actual possession of a thing but he or she has both the power and the intention to exercise control over a thing [either directly or through another person].
>
> If two or more persons share the immediate and exclusive control or share the intention and the power to exercise control over a thing, then each person has possession."

IPI Criminal 2d No. 4.16 has been held to accurately state the law regarding the definition of possession. (See *People v. Rentsch* (1988), 167 Ill. App. 3d 368, 375, 521 N.E.2d 213.) Unless the circuit court determines that a pattern instruction does not accurately state the law, that instruction should be given. (*People v. Glass* (1984), 128 Ill. App. 3d 869, 873, 471 N.E.2d 597.) Contrary to defendants' assertions, an issue existed as to whether they were in actual or constructive possession of the narcotics. The State maintained in its closing and rebuttal arguments that defendants constructively possessed the drugs. Although defendants may have had immediate and exclusive control of the drugs, and, therefore, actual possession, that fact was not conclusively established by the evidence. Constructive possession also could have been proved. Generally, very slight evidence regarding a given theory will justify the giving of an instruction on that theory. (*People v. Arnold* (1985), 139 Ill. App. 3d 429, 434, 487 N.E.2d 997.) The circuit court gave IPI Criminal 2d No. 4.16 in spite of defense counsel's argument that it was confusing, and that decision was not an abuse of discretion.

■ Defendants rely on *People v. Clark* (1988), 173 Ill. App. 3d 443, 526 N.E.2d 356, in which the reviewing court found error in the giving of IPI Criminal 2d No. 4.16. There, no issue of constructive possession was raised because defendant did not have the power to

maintain control of the premises where the narcotics were located; defendant was arrested in a motel room which was rented by the police to create a setting for his capture. The only issue, therefore, was whether defendant had actual possession of the drugs. *Clark*, 173 Ill. App. 3d at 450-52.

Further, *Clark* held that the error in giving IPI Criminal 2d No. 4.16 was harmless. Where the evidence of a defendant's guilt is so clear and convincing that a jury could not reasonably have found defendant not guilty, an improper instruction will not warrant reversal. (*Clark*, 173 Ill. App. 3d at 452.) In this case, there is no reasonable probability that the jury could have found defendants not guilty where the jury heard testimony from the four police officers regarding the arrest. Even if it was improper to give IPI Criminal 2d No. 4.16, reversal is not required as any error was harmless.

Second, defendants claim that the court erred in allowing cross-examination of Doris as to her prior address. Prior to trial, the court allowed a defense motion *in limine* to bar the use of data from the board of election commissioners which showed that Jenkins, Love, and Ivory all previously lived at the same address; the motion *in limine* was denied as to Doris because of the existence of other evidence of her prior address. In its case in chief, the State introduced into evidence a voter registration form which was recovered from the site of the arrest. The form bore Doris' name and listed a previous address. During cross-examination, the State elicited from Doris that she and the other three participants in the crime had lived at that prior address simultaneously.

■ The circuit court has the discretion to determine whether evidence is relevant, and, therefore, admissible, and its decision will not be reversed if the record indicates a sufficient basis for the decision. (*People v. Jackson* (1990), 195 Ill. App. 3d 104, 111, 551 N.E.2d 1025.) Here, the court indicated that the State would be allowed latitude on cross-examination and that the evidence went toward Doris' credibility. Each defendant was given an opportunity to cross-examine Doris, and counsel for Jenkins did, in fact, take advantage of that opportunity. The admission of this testimony, therefore, did not constitute error.

Third, defendants argue that the assistant State's Attorney distorted the burden of proof in her closing argument. The prosecutor, in pitting the veracity of Doris against that of the police officers, argued that only she had a motive to lie.

Defendants have waived consideration of this issue; no objection was made at trial, and the argument was not raised in their post-trial

motion. (See *People v. Enoch* (1988), 122 Ill. 2d 176, 186, 522 N.E.2d 1124.) Further, the evidence is not so closely balanced as to merit consideration of this issue under the plain error doctrine. *Enoch*, 122 Ill. 2d at 198-99.

■ Were we to consider defendants' argument, it would fail. It is improper for a prosecutor to distort the burden of proof by arguing that the jury must find that the State witnesses were lying in order to acquit defendant. (*People v. Ridley* (1990), 199 Ill. App. 3d 487, 493, 557 N.E.2d 378.) In this case, the prosecutor did not make such an argument. Doris' testimony directly contradicted that of the four police officers, and the State argued that either Doris or the officers were lying. (See *People v. Pegram* (1987), 152 Ill. App. 3d 656, 664-65, 504 N.E.2d 958, *aff'd* (1988), 124 Ill. 2d 166, 529 N.E.2d 506.) Further, the prosecutor did not dwell at length on the issue or inject her personal opinion as to any witness' credibility. (See *People v. Roman* (1981), 98 Ill. App. 3d 703, 708, 424 N.E.2d 794.) Even if defendants' argument is not waived, therefore, the prosecutor's statements did not constitute reversible error.

Because none of the points relied upon by defendants constituted error, there is no possibility for cumulative error. See *People v. Albanese* (1984), 104 Ill. 2d 504, 524, 473 N.E.2d 1246.

Affirmed in part; vacated in part.

DiVITO and McCORMICK, JJ., concur.