THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. JOHN D. SEYMOURE, Defendant-Appellant.

Fourth District   No. 4—86—0777

Opinion filed August 6, 1987.—Rehearing denied August 31, 1987.

Daniel D. Yuhas and Timothy M. Gabrielsen, both of State Appellate Defender's Office, of Springfield, for appellant.

Ronald F. Robinson, State's Attorney, of Winchester (Kenneth R. Boyle, Robert J. Biderman, and Patrick T. Curran, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE LUND delivered the opinion of the court:

After a jury trial, defendant was convicted of the offense of driving under the influence of alcohol (Ill. Rev. Stat. 1985, ch. 95½, par. 11—501(a)(2)) and was placed on probation with certain conditions for a period of one year. On appeal, defendant maintains he was denied a fair trial because an officer testified to defendant's blood-alcohol content based on defendant's performance on the horizontal gaze nystagmus (HGN) test. It is further maintained that the State committed reversible error by comments made in rebuttal argument. We affirm.

Chief Deputy Sheriff Jim Hughes testified as to his educational background relating to the HGN test as well as to the procedure followed in obtaining credible results. The HGN test, coming into use as law enforcement officers obtain the necessary training, appears to produce at least reasonably accurate readings of blood-alcohol content based upon statistical studies. No objection was made to Deputy

Hughes's testimony, and no evidence was presented by the defense refuting Hughes's qualifications or the foundation for his testimony relating to the test. The failure to object to this evidence waived any right to consider the issue on appeal. *People v. Carlson* (1980), 79 Ill. 2d 546, 576-77, 404 N.E.2d 233, 238-39.

■ We find it is not necessary to discuss the evidence presented by the State other than to remark that guilt was clearly indicated. After presenting a well-prepared case for the prosecution, the State's Attorney evidently decided to throw care to the wind and tempt us to find reversible error by his rebuttal argument. The rebuttal consists of less than two pages in the transcript, and the questioned statements are as follows:

"[STATE'S ATTORNEY]: Very briefly, Mr. Jensen's absolutely right. This case is important to the Defendant, and it's equally important to you and your families because it's you and I that drive the highways of Scott County day in and day out. You've got to ask yourself, do I want to meet Mr. Jensen [*sic*] on the highway the way he was driving some evening? Do you want your son or daughter to meet him on the highway?

MR. JENSEN: Your Honor, I'm going to object to that as improper.

THE COURT: Overruled.

\* \* \*

[STATE'S ATTORNEY]: Now consider all of that. You might think back to the jury selection. How many of your fellow jurors and jurors who are excluded indicated to the Court that they had had family members injured or killed by drivers who had been drinking? It's too bad that Officer Hart didn't come along in those cases and arrest those drivers before the accident occurred. Fortunately, he caught the Defendant in time. There was no accident. Don't wait for the accidents. You've got the case before you. You've got the evidence before you. You've got the opportunity to enforce the law in this state on driving under the influence of alcohol."

The trial court erred in overruling the objection to the first statement. The statement made reference to defendant's possible criminal conduct in the future, *i.e.*, driving while under the influence. The trial evidence does not justify such an inference, and speculation of this kind is improper. *People v. Holman* (1984), 103 Ill. 2d 133, 164, 469 N.E.2d 119, 134, *cert. denied* (1985), 469 U.S. 1220, 84 L. Ed. 2d 347, 105 S. Ct. 1204-05.

■ Defense counsel did not object to the second statement which

is now brought to our attention on appeal. This statement refers to what prospective jurors said during *voir dire* about the effect that other individuals who were driving under the influence of alcohol had on their families. This was error for various reasons. It was beyond the scope of the evidence in the trial. (*People v. Holman* (1984), 103 Ill. 2d 133, 163, 469 N.E.2d 119, 134; *People v. Beier* (1963), 29 Ill. 2d 511, 517, 194 N.E.2d 280, 283.) Also, as indicated in *Holman*, it was an improper appeal to passion and suggested future criminal conduct.

■■ While there is argument that defendant waived the error in the second statement, we chose not to consider that point. Considering the closing argument as a whole, we conclude the parts now presented for review, objected to and not objected to during trial, did not so substantially undermine the fairness of the trial as to warrant reversal. *People v. Bartall* (1983), 98 Ill. 2d 294, 321, 456 N.E.2d 59, 72.

The result we reach in this decision should not depreciate the impression of our displeasure with the State's conduct in the rebuttal argument.

Affirmed.

GREEN and McCULLOUGH, JJ., concur.