THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v. JAMES DAKURAS, Defendant-Appellee.

Second District   No. 2—87—0911

Opinion filed August 4, 1988.—Rehearing denied September 2, 1988.

James E. Ryan, State's Attorney, of Wheaton (William L. Browers and Cynthia N. Schneider, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

G. Joseph Weller and Beth Katz, both of State Appellate Defender's Office, of Elgin, for appellee.

JUSTICE REINHARD delivered the opinion of the court:

Defendant, James Dakuras, was charged in the circuit court of Du Page County with the offenses of driving while under the influence of alcohol (Ill. Rev. Stat. 1987, ch. 95½, par. 11—501(a)(2)), leaving the scene of an accident involving vehicle damage (Ill. Rev. Stat. 1987, ch. 95½, par. 11—402), driving while license revoked (Ill. Rev. Stat. 1987, ch. 95½, par. 6—303), and improper lane usage (Ill. Rev. Stat. 1987, ch. 95½, par. 11—709(a)). Prior to trial, defendant filed a motion *in limine* seeking to preclude admission of a horizontal gaze nystagmus test as evidence of his driving while under the influence of alcohol. Following the trial court's granting of defendant's motion *in limine*, the State filed this appeal pursuant to Supreme Court Rule 604(a)(1). 107 Ill. 2d R. 604(a)(1).

The issue presented in this appeal is whether the results of a horizontal gaze nystagmus (HGN) test are admissible to prove a defendant's blood-alcohol concentration in a prosecution for driving while under the influence of alcohol (Ill. Rev. Stat. 1987, ch. 95½, par. 11—501(a)(2)).

Defendant was arrested on March 4, 1987, and was subsequently charged with the four offenses set forth above. Although it is not entirely clear from the record, apparently the arresting police officer administered an HGN test to defendant sometime after the initial traffic stop. Defendant filed a motion *in limine* prior to trial seeking to suppress the results of the HGN test.

At the hearing on defendant's motion *in limine*, the State offered the testimony of Dr. Gary Lesher, an instructor of pharmacology at the Illinois College of Optometry. According to Dr. Lesher, nystagmus is the term used for an involuntary movement of the eye, either vertically, horizontally or rotary, which can occur when an individual's eyes move from a straight ahead gaze to a lateral gaze. Dr. Lesher further testified that although nystagmus can be caused by other factors, several studies, including his own, have demonstrated a correlation be-

tween alcohol consumption and nystagmus. He stated that, absent any other nystagmus causing factors, an individual who exhibits nystagmus at a point where his lateral gaze is at an angle of 45 degrees or less is highly likely to have a blood-alcohol concentration of .10 or greater.

He further explained that the 45-degree angle of the gaze is determined by observing the pupil as the eye follows an object, such as a pen, which is held approximately 15 inches from the eye and moved laterally. The eye reaches a 45-degree angle at the point where the pupil is midway between the nose and the ear. According to Dr. Lesher, if there is a perceptible nystagmus at an angle of 45 degrees or less, it would be highly likely that the subject would have a blood-alcohol concentration of at least .10. There were no other witnesses who testified at the hearing.

Prior to ruling on defendant's motion, the trial court asked the assistant State's Attorney what the nature and extent of the testimony of the police officer who administered the HGN test would be. The assistant State's Attorney responded that, "[t]he officer will testify that he observed an angle of onset of less than 45 degrees, and based upon the testimony of the expert witness, it is our position that that is indicative of a blood alcohol concentration of .10 or greater. And Officer Talbot, I believe, will testify that when he detected that angle of onset at least 45 degrees, he interpreted that as meaning that the Defendant's blood alcohol concentration was .10 or greater." Further, in argument, the assistant State's Attorney took the position that the court should find "that the HGN test is a reliable and valid test for determining whether or not the blood alcohol concentration of an individual is at .10 or greater."

The trial court found that, based on the evidence presented, the HGN test was not generally accepted by the scientific community in the particular field in which it belongs and granted defendant's motion *in limine* to preclude testimony of the correlation between defendant's performance of the HGN test and his blood-alcohol concentration.

The State contends, on appeal, that the trial court's ruling was erroneous. It cites two cases from other jurisdictions, *State v. Nagel* (1986), 30 Ohio App. 3d 80, 506 N.E.2d 285, and *State v. Superior Court* (1986), 149 Ariz. 269, 718 P.2d 171, where a limited use of the HGN test results was permitted. No Illinois case has directly determined the admissibility of HGN test results. See *People v. Seymoure* (1987), 158 Ill. App. 3d 1038, 511 N.E.2d 986 (defendant's failure to object to admissibility of HGN test waived issue); *People v. Vega*

(1986), 145 Ill. App. 3d 996, 496 N.E.2d 501 (insufficient evidence in circuit court to determine the validity and admissibility of HGN test).

Defendant responds first that HGN test results should not be admissible because they fail to meet the reliability standard for scientific testing set forth in *Frye v. United States* (D.C. Cir. 1923), 293 F. 1013, and adopted by our supreme court in *People v. Baynes* (1981), 88 Ill. 2d 225, 430 N.E.2d 1070. Alternatively, defendant argues that the State offered the HGN test results as evidence of defendant's blood-alcohol concentration and, as such, the HGN test results are inadmissible under section 11—501.2 of the Illinois Vehicle Code. Ill. Rev. Stat. 1987, ch. 95½, par. 11—501.2.

Although both parties' arguments focus on the reliability of the HGN test and the nature and extent of the expert testimony in this case, we begin our analysis with an examination of the relevant Illinois statutes.

Section 11—501 states in pertinent part:

"Driving while under the influence of alcohol, other drug, or combination thereof. (a) A person shall not drive or be in actual physical control of any vehicle within this State while:

1. The alcohol concentration in such person's blood or breath is 0.10 or more based on the definition of blood and breath units in Section 11—501.2;

2. Under the influence of alcohol ***." (Ill. Rev. Stat. 1987, ch. 95½, pars. 11—501(a)(1), (a)(2).)

Section 11—501.2 states in pertinent part:

"Chemical and other tests. (a) Upon the trial of any civil or criminal action or proceeding arising out of an arrest for an offense as defined in Section 11—501 or a similar local ordinance, evidence of the concentration of alcohol, other drug or combination thereof in a person's blood or breath at the time alleged, as determined by analysis of the person's blood, urine, breath or other bodily substance, shall be admissible. Where such test is made the following provisions shall apply:

* * *

(b) Upon the trial of any civil or criminal action or proceeding arising out of acts alleged to have been committed by any person while driving or in actual physical control of a vehicle while under the influence of alcohol, the concentration of alcohol in the person's blood or breath at the time alleged as shown by analysis of the person's blood, urine, breath, or other bodily substance shall give rise to the following presumptions:

* * *

4. The foregoing provisions of this Section shall not be construed as limiting the introduction of any other relevant evidence bearing upon the question whether the person was under the influence of alcohol." Ill. Rev. Stat. 1987, ch. 95½, pars. 11—501.2(a), (b)(4).

■ The fundamental principle of statutory construction is to ascertain and give effect to the intent of the legislature. (*Metropolitan Life Insurance Co. v. Washburn* (1986), 112 Ill. 2d 486, 492, 493 N.E.2d 1071; *People v. Richardson* (1984), 104 Ill. 2d 8, 15, 470 N.E.2d 1024.) In doing so, we must first look to the language of the statute. (*Metropolitan Life Insurance Co.*, 112 Ill. 2d at 492, 493 N.E.2d at 1074; *In re Marriage of Logston* (1984), 103 Ill. 2d 266, 277, 469 N.E.2d 167.) If the language is clear, we must give it effect and should not look to extrinsic aids for construction. *In re Marriage of Logston*, 103 Ill. 2d at 277, 469 N.E.2d at 171.

■ It is clear from a reading of section 11—501.2(a) that the only method by which evidence of a defendant's blood-alcohol concentration may be determined in Illinois is by analysis of the person's blood, urine, breath or other bodily substance. The HGN test results, unlike those of blood, urine or breath, are derived from the subjective interpretation of the police officer administering the test. Admission of such results would be inconsistent with the strict chemical testing requirements for the prescribed analysis set forth in section 11—501.2(a). (See Ill. Rev. Stat. 1987, ch. 95½, pars. 11—501.2(a)(1), (a)(2); *People v. Haney* (1987), 155 Ill. App. 3d 44, 46, 507 N.E.2d 230.) Thus, a horizontal gaze nystagmus test, which does not analyze any bodily substance, would not be admissible to prove blood-alcohol concentration in any prosecution for any of the offenses defined in section 11—501, including, as charged here, driving while under the influence of alcohol as prescribed in section 11—501(a)(2).

Although the State argues that section 11—501.2(a) does not exclude other evidence of a defendant's blood-alcohol concentration in light of section 11—501.2(b)(4), we cannot agree with the State's interpretation. Subsection (b)(4), which provides that "any other relevant evidence bearing upon the question of whether the person was under the influence of alcohol" may be admitted, does not, in our opinion, allow other tests of blood-alcohol concentration. If we read section 11—501.2(b)(4) in conjunction with section 11—501.2(a), it is clear that the legislature intended to prohibit any evidence of any procedure designed to determine blood-alcohol concentration other than those based on analysis of bodily substances, yet still allow other relevant evidence bearing on the question of whether a defendant was un-

der the influence of alcohol. In other words, we read sections 11—501.2(a) and 11—501.2(b)(4) to allow the introduction of evidence in a section 11—501(a)(2) prosecution which would be relevant to whether a person is under the influence of alcohol, such as field sobriety tests and opinions on intoxication, but if that evidence consists of a defendant's blood-alcohol concentration, then such evidence may be based only on the statutorily prescribed analysis of the defendant's bodily substances.

Accordingly, we hold that the results of a horizontal gaze nystagmus test, insofar as it is offered to show a defendant's blood-alcohol concentration, is inadmissible in a prosecution under section 11—501(a)(2). Although the question is not before us in this case, our analysis would be applicable as well to a prosecution under section 11—501(a)(1). Because of our disposition of this case on statutory grounds, we need not address the issue of the admissibility of the HGN test under the *Frye* standard. Although we have decided this question on a different basis than the court below, as a reviewing court, we can sustain the decision of the circuit court on any grounds which are called for by the record regardless of whether the circuit court's reasoning was correct. *People v. Sloan* (1986), 111 Ill. 2d 517, 522, 490 N.E.2d 1260; *Bell v. Louisville & Nashville R.R. Co.* (1985), 106 Ill. 2d 135, 148, 478 N.E.2d 384.

We note that the State appears to argue, additionally, that the HGN test results may be admissible as evidence of intoxication other than to show blood-alcohol concentration of .10 or more, in a driving while under the influence of alcohol prosecution under section 11—501(a)(2), as was decided in *State v. Superior Court* (1986), 149 Ariz. 269, 718 P.2d 171. This theory was not raised below by the State, nor was it the basis for the trial court's decision. Moreover, the record is inadequate for a determination of the issue. It is therefore waived. *People v. Holloway* (1981), 86 Ill. 2d 78, 91-92, 426 N.E.2d 871; *People v. McAdrian* (1972), 52 Ill. 2d 250, 254-55, 287 N.E.2d 688.

For the foregoing reasons we affirm the order of the circuit court of Du Page County granting defendant's motion in *limine*.

Affirmed.

DUNN and INGLIS, JJ., concur.