NOTICE
Decision filed 03/29/06. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

NO. 5-05-0208

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

_____

THE PEOPLE OF THE STATE OF ILLINOIS, ) Appeal from the
) Circuit Court of
     Plaintiff-Appellant, ) St. Clair County.
)
v. ) Nos. 04-CF-1307 & 04-CF-1309
)
BRIAN HAMILTON, ) Honorable
) Annette A. Eckert,
     Defendant-Appellee. ) Judge, presiding.
_____

JUSTICE McGLYNN delivered the opinion of the court:

The State appeals from a pretrial order that precluded the State from introducing the now-deceased victim's bond revocation hearing testimony at the defendant's trial. The State filed its certificate of impairment and appealed the decision. We affirm.

Brian Hamilton (the defendant) was charged in late September 2004 with two felony counts of domestic battery, pursuant to section 12-3.2(a)(1) of the Criminal Code of 1961 (720 ILCS 5/12-3.2(a)(1) (West 2002)), for causing harm to Faith Hodges, a family or household member. A bond revocation hearing related to one of the domestic battery charges (which were at that time filed as misdemeanors) was held on June 11, 2004. At that hearing, the defendant was not represented by counsel. Faith Hodges testified at the hearing and was briefly cross-examined by the defendant. Shortly thereafter, on September 22, 2004, Faith Hodges died. On March 9, 2005, the State filed a notice of intent to use Faith Hodges' bond revocation hearing testimony at the defendant's trial. The defendant filed a motion to suppress this testimony. Following a hearing, on March 31, 2005, the trial judge suppressed the testimony, finding in part that the defendant had not adequately exercised his cross-

1

examination rights.

At issue is whether the testimony of Faith Hodges, given in the context of a bond revocation hearing, can be utilized in her absence, at the defendant's subsequent trial. An argument advanced by the defendant in the trial court, but not specifically addressed by the trial judge, was that section 110-6(f)(3) of the Code of Criminal Procedure of 1963 (the Code) (725 ILCS 5/110-6(f)(3) (West 2002)) specifically precludes the use of any transcript of a bond revocation hearing in the State's case in chief. Because a determination of this issue could be outcome determinative, we turn to this issue first.

While we review a trial court's decision to disallow the introduction of hearsay testimony on an abuse-of-discretion standard (see *People v. Boyd*, 307 Ill. App. 3d 991, 997, 719 N.E.2d 306, 310 (1999)), statutory language interpretation requires a *de novo* review (see *People v. Lamborn*, 185 Ill. 2d 585, 590, 708 N.E.2d 350, 353 (1999)).

Section 110-6(f)(3) of the Code specifies that if a defendant is out on bond for domestic battery against a family or household member, as statutorily defined, and the defendant commits another domestic battery against the same victim, "the court shall revoke the bail of the defendant and hold the defendant for trial without bail." 725 ILCS 5/110-6(f)(3) (West 2002). The statute further provides, "Neither the finding of the court nor any transcript or other record of the hearing shall be admissible in the State's case in chief, but [they] shall be admissible for impeachment[] or [as a prior inconsistent statement] or in a perjury proceeding." 725 ILCS 5/110-6(f)(3) (West 2002).

The State admits that factually this case is in line with the requirements of section 110-6(f)(3). The defendant was charged with domestic battery on a second occasion involving the same victim. The victim was a household member. The defendant had been out on bond in between the acts resulting in the two charged crimes. However, the State argues that this statute does not apply to this case because the trial judge did not revoke the

2

defendant's bail bond as the statute contemplated. The State theorizes that the prohibition would only become effective if the State prevailed at the bond revocation hearing. Because the trial judge did not revoke bond in this case, the State argues that it cannot be precluded from using the witness's testimony at the defendant's trial.

We find the State's argument to be unpersuasive. Whether or not the trial court complied with the dictates of this statute relative to bond revocation, we find that the express wording and intent of the statute would preclude the State's requested use, at the defendant's trial on the domestic battery charges, of the victim's testimony taken during the bond revocation hearing. The statute clearly precludes the State from using the hearing transcript at the trial.

Section 115-10.4 of the Code authorizes the use of prior hearsay statements when the witness is deceased. 725 ILCS 5/115-10.4 (West Supp. 1999). This section was enacted on July 30, 1999, and was in effect on August 5, 2003, when the legislature amended section 110-6(f)(3) to include the reference to felony domestic battery. 725 ILCS 5/110-6(f)(3) (West Supp. 2003). Consequently, if the legislature intended to allow bond revocation testimony in the situation when the witness is deceased, that exception could have easily been included. That exception was not included, and where, as here, the meaning of the statutory language is clear, we will give effect to that language (*Petersen v. Wallach*, 198 Ill. 2d 439, 444-45, 764 N.E.2d 19, 23 (2002)).

We realize that the trial court's decision on the admissibility of the testimony was reached using different grounds. We reach this decision on slightly different grounds than the trial court used, but because our review is *de novo*, we can affirm the trial court's decision on other grounds (*People v. Dakuras*, 172 Ill. App. 3d 865, 870, 527 N.E.2d 163, 167 (1988); *Estate of Johnson v. Condell Memorial Hospital*, 119 Ill. 2d 496, 502, 520 N.E.2d 37, 39 (1988)).

3

Because of our decision, we do not reach the issue of whether the statement would have been admissible in light of the United States Supreme Court's opinion in *Crawford v. Washington*, 541 U.S. 36, 158 L. Ed. 2d 177, 124 S. Ct. 1354 (2004).

For the foregoing reasons, the order of the circuit court of St. Clair County is hereby affirmed.

Affirmed.

WELCH and DONOVAN, JJ., concur.

NO. 5-05-0208

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

_____

THE PEOPLE OF THE STATE OF ILLINOIS, ) Appeal from the
                                                                   ) Circuit Court of
        Plaintiff-Appellant,                         ) St. Clair County.
                                                                   )
v.                                                                 ) Nos. 04-CF-1307 & 04-CF-1309
                                                                   )
BRIAN HAMILTON,                                    ) Honorable
                                                                   ) Annette A. Eckert,
        Defendant-Appellee.                        ) Judge, presiding.

_____

**Opinion Filed**:    March 29, 2006

_____

**Justices**:    Honorable Stephen P. McGlynn, J.

                Honorable Thomas M. Welch, J., and
                Honorable James K. Donovan, J.,
                Concur

_____

**Attorneys**    Hon. Robert Haida, State's Attorney, St. Clair County, 10 Public Square,
**for**          Belleville, IL 62220; Norbert J. Goetten, Director, Stephen E. Norris, Deputy
**Appellant**  Director, Patrick D. Daly, Staff Attorney, Office of the State's Attorneys
                Appellate Prosecutor, 730 E. Illinois Highway 15, Suite 2, P.O. Box 2249,
                Mt. Vernon, IL 62864

_____

**Attorneys**    Daniel M. Kirwan, Deputy Defender, Dan W. Evers, Assistant Defender, Office
**for**          of the State Appellate Defender, Fifth Judicial District, 117 North Tenth Street,
**Appellee**    Suite #300, Mt. Vernon, IL 62864

_____